## PAILHES vs. ROUX.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

The defendant, whose property is attached, may have the attachment *dissolved, after he has bonded* the property. He has a right to this, in order to relieve himself and his surety from the obligation resulting from the bond.

This is an action on a promissory note, commenced by attachment.

The defendant came forward, and bonded the property attached. A few days afterwards he took a rule on the plaintiff to show cause why the attachment should not be *dissolved,* on the ground that the facts set forth in the affidavit were untrue.

On the trial of the rule, the defendant offered evidence to show that the allegations, that he was about to leave the state, were unfounded, and not true, and that the attachment ought to be disoolved. The plaintiff's counsel objected to the introduction of the evidence, because, by executing the bond, the attachment had been thereby set aside. The court overruled the objection; its opinion was excepted to. The rule was made absolute, and the attachment dissolved and set aside. The plaintiff appealed.

*Mitchell,* for the appellant.

*Canon,* contra.

*Martin, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment which sets aside an attachment he had obtained against the property of the defendant.

His counsel has first drawn our attention to a bill of exceptions, taken to the admission of testimony to disprove the facts on which the attachment was obtained, on the ground that the defendant having bonded the property attached, could not demand that the attachment be set aside, because in the opinion of the plaintiff's counsel it was already done.

The defendant gave bond with a view to be restored to the possession of the property attached, in pursuance of the 259th article of the Code of Practice. He afterwards obtained a rule on the plaintiff to show cause why the attachment should not be dissolved, on the ground that it had been obtained on a false allegation. *Code of Practice, article* 258. This became necessary in order to relieve himself and his surety from the obligation resulting from the bond which he had given to the sheriff, to regain the possession of his property illegally attached.

The district judge, therefore, did not err in admitting evidence offered to disprove allegations which were charged to be groundless.

On the merits, a close examination of this evidence has satisfied us that the district judge correctly concluded that the testimony adduced disproved the allegations upon which the attachment had been obtained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*May*, 1839.

PAILHES
*vs.*
ROUX.

The defendant whose property is attached, may have the attachment *dissolved, after he has bonded* the property. He has a right to this, in order to relieve himself and his surety from the obligation resulting from the bond.