James Quine *v.* William T. Mayes.

The execution of an attachment bond, is no waiver of the party's right to show that the facts on which the attachment was obtained are unfounded, or that the property attached does not belong to the defendant.

The sureties on a bond given for the release of property attached, the condition of which is that they shall satisfy whatever judgment may be rendered in the suit, though not parties to the action, may plead the nullity of the judgment, when called upon to satisfy it. Their undertaking was, to satisfy any judgment legally obtained. When a judgment is absolutely null, any one having the least interest in opposing its effect, may have such nullity pronounced.

Appeal from the City Court of New Orleans, *Cooley,* J.

Morphy, J. Under a writ of attachment, the marshal of the City Court levied upon twenty-two bales of cotton as the property of the defendant. Two days after, Taylor, Gardiner & Co. of this city, bonded the cotton, and took it into their possession. An attorney having been appointed to represent the absent defendant, a judgment was obtained in the suit; whereupon the plaintiff ruled Taylor, Gardiner & Co., and John Minturn, their surety on the bond, to show cause why they should not be decreed, *in solido,* to pay the amount of the judgment and costs. In answer to this rule, they denied being liable in any amount to the plaintiff, and averred that the firm of Taylor, Gardiner & Co. had no property belonging to the defendant in their possession or under their control, at, since, or previous to the levying of the attachment, but that, on the contrary, the twenty-two bales of cotton seized in this suit

were at the time, not the property of the defendant, but of John L. Wall, residing at Fort Adams, Mississippi, who had shipped and consigned the same to them. The rule having been made absolute, the respondents have appealed.

*Maybin,* for the appellants. The execution of the bond, was no waiver of the right to show that the property attached did not belong to the defendant. 13 La. 465. 14 Ib. 82. 17 Ib. 34. The bond takes the place of the property. 18 La. 58. An attaching creditor has no greater rights than his debtor. 8 Mart. N. S. 337. 13 La. 570. 15 Ib. 461. The evidence proves conclusively, that the property attached did not belong to the defendant. The judgment should be for the defendants in the rule.

*Eggleston,* contra, contended that the judgment of the lower court should be affirmed.

MORPHY, J. The testimony offered on the trial of the rule, places it beyond all doubt, that the cotton attached did not belong to the defendant Mayes, but to J. L. Wall, as alleged in the answer of Taylor, Gardiner & Co.; hence, they contend that the judgment which they are called upon to pay is a nullity, as the defendant was never legally in court by citation, or by the process of attachment, which, in regard to persons residing out of the State, stands in place of citation. The judge was of opinion that, as the testimony shows that at the time the appellants signed the bond to release the cotton, they were fully aware that it did not belong to Mayes, and that as they, nevertheless, bound themselves to satisfy any judgment which might be rendered in the suit, they cannot be listened to when they urge this circumstance to relieve themselves from their deliberate and absolute engagement; that if there be any nullity in the judgment, resulting from the fact that no property of the defendant was attached, it is a relative, not an absolute nullity; and that third persons have no right to set it up as a basis of defence against their obligations arising collaterally. We think otherwise. The very knowledge which Taylor, Gardiner & Co. had, of the defendant's want of property in the cotton, induced them, probably, to bond it. In doing so, their object was no doubt to protect and secure the property of J. L. Wall, who had shipped it to them. They were aware that they could, without danger, sign a bond to satisfy any judgment to be rendered against Mayes, as

they knew that no valid one could be given in the suit, the property attached not being his, and the court being, therefore, without jurisdiction. It has been frequently held, that the giving of a bond is no waiver of a party's right to show that the facts on which an attachment has been obtained are unfounded, or that the property attached does not belong to the defendant. 3 Mart. N. S. 324. 14 La. 82. 17 Ib. 34. The only question, then, is, whether the appellants, who were not parties to the suit, can plead the nullity of the judgment, which they are called upon to satisfy under their bond ? The Code of Practice, article 571, gives the right of appeal, not only to those who were parties to a suit, but also to third parties, when they have an interest in the judgment, and believe themselves aggrieved by it. If such a right exists, when the object is only to show error in a judgment regularly rendered, it appears to us that a person who is to be affected by a judgment, and against whom it is set up, should, *a fortiori*, have the right of showing that it is no judgment at all. The undertaking of the appellants was, to satisfy any judgment legally obtained in the suit, not one which has no legal existence and is absolutely void. In the case of *Bernard* v. *Vignaud*, 1 Mart. N. S. p. 9, which was a suit against a third possessor, this court said : " a judgment rendered against a person, without citing him in the ordinary manner, without his appearing, or any thing deemed by law equivalent to citation or appearance, is utterly void, and imports such nullity, that any one, the least interested in opposing its effect, may have such nullity pronounced."

It is, therefore ordered, that the judgment of the City Court be reversed, and that ours be for the defendants in the rule, with costs in both courts.