## BENTON v. ROBERTS.

A deposit, made with a merchant, of a sum of money tendered in payment to a creditor, will not discharge the debt, nor place the money at the risk of the creditor.  C. P. 412 *et seq.*

A creditor is not bound to accept a tender of a sum less than the whole amount due to him.

The amount of a judgment obtained in a court of the first instance, from which a suspensive appeal was still pending, cannot be compensated against a twelve-months' bond already due.

Where a debt was attached by a third person, but the attachment subsequently set aside upon the execution of a bond by the defendant in attachment, the bond stands in lieu of the property attached, and, after the release which it operates, the pendency of the suit cannot be urged by the debtor as a reason for withholding any part of the debt.

A PPEAL from the District Court of Carroll, *Curry*, J.  J. *Dunlap* and *Sparrow*, for the appellant.  *Prentiss* and *Finney*, for the defendant.  The judgment of the court was pronounced by

KING, J.   The plaintiff enjoined, in this action, an execution issued against him on a twelve-months' bond, on the following grounds: 1st, That before the writ issued, he tendered to the defendant $5,583 34, which, it is alleged, was the only sum then remaining due.   2d, That he had paid the defendant $4,000, about the time when the twelve-months' bond matured.   3d, That he had ob-

BENTON
v.
ROBERTS.

tained a judgment against *Roberts*, the plaintiff in execution, for $1,770 14, with five per cent interest thereon, from the 7th of July, 1843, until paid, which he was authorized to compensate against the bond. 4th, That the twelve-months' bond on which the execution was issued had been attached, at the suit of *Lewis Selby*, for $1,551, with five per cent interest from February 12th, 1844, of which the plaintiff was duly notified, and that he was authorized to retain that sum to abide the results of the attachment suit. The injunction was dissolved in the court below, with ten per cent damages, and the plaintiff has appealed.

I. It is admitted that the alleged tender was made to *Roberts*, the judgment creditor, and that the sum was subsequently deposited with a merchant. The effect of a tender and deposit in this form, even if it had been of the entire amount due, would neither have been to operate a discharge of the debt, nor to place the money at the risk of the creditor. Code of Prac. art. 412 *et seq*. But the tender, in the present instance, was of a sum less than that due, which *Roberts* was not bound to accept.

II. The sum of $4,000, alleged to have been paid, was received by the sheriff after the writ came into his hands, and was duly credited thereon.

III. The plaintiff had obtained a judgment against *Roberts* for the sum stated in the petition, which, at the date of the writ, was pending on a suspensive appeal before the Supreme Court. While thus pending the debt was not exigible, and could not be compensated against a twelve-months' bond which was due, and consequently could have formed no ground for an injunction.

IV. The attachment of *Selby* had been set aside by *Roberts*, upon his giving the bond required by law. This bond stood in lieu of the property attached, and, after the release which it operated, the pending of that suit could no longer be urged as a reason for withholding any part of the debt. Code of Prac. art. 259. 18 La. 58.

It has been urged that, notwithstanding the payments admitted to have been made, and that the bond bears ten per cent interest, the judge below has condemned the plaintiffs to pay the *whole amount* of the bond, and ten per cent additional interest, besides damages. We do not so understand the judgment. It is perhaps obscurely worded. We understand, however, that it condemns the plaintiff to pay the amount of the bond, with ten per cent interest, which it bears on its face, after deducting therefrom two credits, amounting together to $4,000, to take effect at specified dates; and that it further condemns the plaintiff and his sureties in the injunction bond, *in solido*, to pay ten per cent damages on the amount of principal and interest due, after deducting the credits recited in the judgment. We think the evidence fully supports the judgment. The object of the plaintiff in obtaining the injunction was manifestly delay, and he was properly amerced in damages.                                           *Judgment affirmed.*