No. 1516.—F. AVET & CAMBON *v.* JOHN ALBO.

The bonding of the property attached by the defendant is not an acknowledgment that the writ of attachment providently issued.

The defendant in an attachment suit may have the attachment dissolved by a judgment of the court after he has come into the possession of the property attached, by giving bond for its release.

APPEAL from the Fifth District Court of New Orleans. *Leaumont*, J. A. L. *Tissot*, for plaintiffs and appellants. *E. Abell*, for defendant and appellee.

HOWE, J. The plaintiffs have appealed from an interlocutory judgment setting aside and dismissing an attachment which they had obtained against the property of the defendant.

The only ground urged before us for a reversal of the judgment is, that before it was rendered the defendant had moved to bond the property attached, and on the same day the judgment was signed gave bond and took the property, and that therefore he acknowledged that the writ was providently issued and the judgment of dismissal was erroneous. We have not been referred to any authorities in support of this proposition.

The attachment was issued on the ground, substantially, that the defendant was about to leave the State permanently without there being a possibility in the ordinary course of judicial proceedings of obtaining or executing judgment against him previous to his departure, and that he was about to remove his property from the State before the debt to plaintiffs should fall due, without leaving within the limits of the State any property to meet said claim. It would seem that the attachment was set aside because these allegations were disproved. Under such circumstances if the defendant had actually bonded the property and then moved to dissolve, the rule would have been in time, and upon sufficient evidence would have been properly made absolute. Pailkes *v.* Roux, 14 La. 82; 1 An. 372; 2 An. 154; 13 A. 550; and *a fortiori*, it would seem that a mere motion to bond would not prevent the defendant from taking a rule to dismiss.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.