## No. 2708.—N. Bauer v. N. Antoine.

Where property has been attached and released on bond, and judgment has been rendered, the surety on the bond of release may show, on a rule to make him liable on the bond, that the property attached did not belong to the original defendant at the date of the seizure.

APPEAL from the Fifth Judicial District, parish of East Baton Rouge. Posey, J. A. S. Herron, for plaintiff and appellee. White & Robertson, for surety, appellant.

TALIAFERRO, J. The plaintiff, it seems, under a writ of attachment taken out against the defendant caused a seizure to be made on the

eighteenth of September, 1867, of a stock of wines, liquors and other personal property, amounting, by the sheriff's inventory and appraisement, to $770 50. The defendant executed a bond of release according to the provisions of article 259 of the Code of Practice, and gave, as sureties on the bond, C. Quintero and James McVay, the bond bearing date thirtieth September, 1867. On the eighteenth of July, 1868, the plaintiff obtained judgment on his claim against the defendant for $705 75, with interest and costs. On the twentieth of February, 1869, execution issued on this judgment, and was returned "no property found." The plaintiff subsequently proceeded by rule against McVay, one of the sureties, to show cause why he should not be condemned to pay the amount of the judgment which plaintiff had obtained against the defendant, Antoine.

The surety alleged for cause that the property attached by plaintiff did not belong to the defendant; on the contrary, that one Rickert, of New Orleans, was the owner by a notarial act of sale dated the seventeenth of September, 1867, and who was the possessor thereof in good faith at the time of the seizure; that the plaintiff had knowledge of this act of sale, which, the respondent avers, was recorded on the fifteenth of October, 1867.

On trial of the rule, judgment was rendered against the surety, and he has appealed.

Before proceeding to trial the defendant in rule moved to continue the case to procure witnesses by which he expected to prove that the ownership of the property was not in the defendant at the time the seizure under the attachment was made. This motion was supported by the usual affidavit. The court refused to grant the continuance, on the ground that the testimony, if obtained, would be inadmissible, as the surety on the bond could not be allowed to show that the property attached did not belong to the defendant. To this ruling of the court the defendant in rule reserved a bill of exceptions, as he also did to a subsequent refusal by the court, on the same ground, to permit the defendant to introduce the notarial act of sale from Antoine to Rickert.

We think there is error on the part of the court in declining to receive the evidence tendered by the surety. In 2 R. R. page 512, Judge Morphy, as the organ of the court, said : "It has been frequently held, that the giving of a bond is no waiver of a party's right to show that the facts on which an attachment has been obtained are unfounded, or that the property attached does not belong to the defendant." This doctrine has been steadily maintained by subsequent decisions. 2 An. 154; 9 An. 361.

We think the case should be remanded.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further

ordered that this case be remanded, with instructions to the court to admit evidence on the part of the defendant in the rule, going to show that the defendant in the original suit was not the owner of the property released by the bond at the time it was attached. It is further ordered that the plaintiff and appellee pay the costs of this appeal.