No. 1915.—DANIEL EDWARDS *v.* JAMES G. PRATHER et al.

The bonding of property under seizure, in order to regain the possession thereof, is no bar to subsequent proceedings to set aside the writ of attachment, and release the surety on the bond.

The surety on a bond of release of property attached may, before making any payment, bring suit against the debtor to indemnify him for the liability incurred in signing the bond. But to enable him to sustain such an action he must bring himself within the requirements of the law conferring the right to demand indemnity, viz: 1. When there exists a lawsuit against him for payment. 2. When the debtor has become bankrupt. 3. When the debtor was bound to discharge him within a given time. 4. When the debt has become due by the expiration of the time for which it was contracted, etc.  C. C. 3026.

APPEAL from Fourth District Court of New Orleans. *Théard, J. Maurice Grivot*, for plaintiff and appellant. *Race, Foster & E. T. Merrick*, for defendants and appellees.

TALIAFERRO, J.  The plaintiff sues the defendants to compel them to indemnify him against a liability incurred at their instance, and on their behalf, in becoming their surety on a forthcoming bond to release their steamboat, the Bart Able, which had been seized under attachment by a creditor of the owners. He avers that he was induced to sign the bond at the solicitation of one of the defendants, acting for himself and as agent of the others who are non-residents, by the assurance that his liability would exist only for a short time, as the attachment would soon be set aside by judicial decree, and the bond canceled. But to his great annoyance he finds that the result is quite different from what he was induced to believe when he became surety for the defendants, as the court maintained the writ. He avers having made frequent amicable demands of the defendants to indemnify and hold him harmless in the premises, but without effect. That he is informed, and verily believes, that most of the defendants are insolvent, and that he is in danger of having to pay the whole amount of the bond, which is $1300. He proceeded by process of attachment, by virtue of which the same steamer was seized. He prays judgment *in solido* against the defendants for $1300, or give him good and sufficient security to indemnify him against his aforesaid liability.

The seizure was released by the defendants, who executed a bond for that purpose, and they proceeded by rule against the plaintiff to show cause why the order taken by him for the attachment should not be rescinded and annulled on several grounds, to wit:

*First*—That upon the face of the petition and affidavit, the plaintiff is not entitled to the process.

*Second*—That plaintiff could not proceed by attachment, as Harrison, one of the defendants, and part owner of the steamer, is resident of the city of New Orleans, which is the home port of the steamboat, which runs wholly within the State.

*Third*—The attachment bond is insufficient. Neither is the affidavit sufficient to warrant an attachment; and lastly, that from the allegations of the petition the defendants are not indebted to the plaintiff.

The plaintiff excepted to the rule, on the ground that the defendants, having entered into bond to release the seizure, thereby admitted its validity, and could not move to set the attachment aside. This exception was overruled, and the attachment rescinded and annulled as having been improvidently granted. The plaintiff having ineffectually endeavored to obtain a new trial, took this appeal. We think the exception taken by the plaintiff to the rule to rescind the order of attachment not maintainable. It has been frequently decided by this court that the bonding of property in order to regain possession of it, is no bar to subsequent proceedings to set aside the attachment, and release the surety on the bond. 1 Martin 194; 14 La. 82; 2 An. 154; 13 An. 549. The plaintiff relies upon article 3026 of the Civil Code to sustain his claim against the defendants to indemnity. That article provides that "a security may even, before making any payment, bring a suit against the debtor to be indemnified by him:

"*First*—When there exists a lawsuit against him for payment.

"*Second*—When the debtor has become a bankrupt, or is in a state of insolvency.

"*Third*—When the debtor was bound to discharge him within a certain time.

"*Fourth*—When the debt has been due by the expiration of the term for which it was contracted.

"*Fifth*—At the expiration of ten years, when the principal obligation is of a nature to last a longer time, unless the principal obligation, such as that of guardianship, be of a nature not to be extinguished before a determinate time."

The plaintiff does not seem to have brought himself within the provisions of this article. He has not been sued on the obligation he entered into with the defendants. No specific time was fixed for his discharge. The promise made to him that the attachment of the defendants' property, for the release of which he joined them in the release bond, was to be of short duration, was too indefinite to be considered a fixed certain time at which he was to be discharged from liability. It is not shown that the defendants had become bankrupts, or that they were in a state of insolvency. True, the plaintiff states his belief, and fears that the non-resident defendants are hopelessly insolvent; but he expresses no such fear or doubt in regard to the other defendant, who resides in the city, and is part owner of the steamer attached. The term at which the obligation is to expire has not arrived.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs in both courts.