(42 South. 431.)

No. 16,331.

STATE v. COUVILLION.

(Nov. 26, 1906.)

1. INCEST—MARRIAGE BETWEEN COUSINS.

The marriage or cohabitation of first cousins does not constitute the crime of incest, as defined and denounced by Act 78, p. 101, of 1884.

2. SAME—EFFECT OF PROHIBITION.

Incest being the creature of statutory law in Louisiana, the subsequent prohibition of marriage between first cousins did not per se bring this new class of persons within the grasp of the criminal statute.

(Syllabus by the Court.)

Appeal from Fourteenth Judicial District Court, Parish of Avoyelles; Gregory Horatio Couvillon, Judge.

Nestor Couvillion was indicted for crime. From an order quashing the writ, the state appeals. Affirmed.

Walter Guion, Atty. Gen., and Joseph William Joffrion, Dist. Atty. (Lewis Guion, of counsel), for the State. Lafargue & Lafargue, Gremillion & Bordelon, and Coco & Couvillon, for appellee.

LAND, J. Defendant was indicted under Act 78, p. 101, of 1884, denouncing the crime of incest. The indictment was quashed on the ground that the said statute did not apply to first cousins. The state has appealed.

The act of 1884 reads in part as follows:

"That whoever shall hereafter knowingly intermarry or cohabit without marriage, being within the degrees of consanguinity within which marriage is prohibited by articles 94 and 95 of the Revised Civil Code of the State of Louisiana, shall be deemed guilty of incest."

It is conceded that this act at the date of its passage did not apply to first cousins, but it is argued that as by Act No. 120, p. 188, of 1900, article 95 of the Civil Code was amended so as to prohibit marriages between first cousins, persons so related were brought within the sweep of the criminal statute of 1884, defining the crime of incest.

We cannot assent to this proposition. The act of 1884 did not include first cousins, and, although the Legislature subsequently prohibited marriage between persons so related, the lawmaker did not amend the criminal statute. It is argued with force that this omission was intentional owing to the remote relationship between first cousins, who prior to 1900 were permitted to intermarry under the laws of this state. Be this as it may, criminal statutes must be strictly construed and cannot be extended by implication to embrace other cases not within their plain terms. In U. S. v. Wiltberger, 5 Wheat. (U. S.) 96, 5 L. Ed. 37, Marshall, C. J., said:

"To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle that a case which is within the reason or mischief of a statute is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character, with those which are enumerated."

In the case at bar, it is admitted that the act of 1884 did not include or intend to include first cousins, but it is argued that Act 120, p. 188, of 1900, had the effect of amend-

.ing the crime statute so as to include such relations. But, a mere prohibition of marriage does not create the offense of incest. Prior to 1884, the crime of incest was not defined in Louisiana, and persons within the forbidden degrees who married or cohabited could not be prosecuted for such an offense. State v. Smith, 30 La. Ann. 846. Incest being the mere creature of statutory law, an express legislative enactment is necessary for its extension to a new class of persons.

Judgment affirmed.