(89 South. 685)

No. 24385.

## CITY OF NEW ORLEANS v. DAMERON et al.

(Oct. 4, 1921.)

*(Syllabus by the Court.)*

**1. Appeal and error ⊚⟶447—Devolutive appeal from judgment dismissing rule to dissolve injunction did not prevent trial court from considering motion to discontinue main suit.**

A devolutive appeal from a judgment dismissing a rule to dissolve an injunction does not deprive the trial court of jurisdiction to entertain a motion to discontinue the main suit, including the demand for the injunction.

**2. Injunction ⊚⟶129(1)—Where issued on prayer of single petition of two plaintiffs, discontinuance at instance of one does not affect it as to other.**

Where an injunction is issued upon the prayer of a single petition, in which two plaintiffs join, the discontinuance of the suit at the instance of one of the plaintiffs does not necessarily affect it, or the injunction, as to the other.

**3. Constitutional law ⊚⟶42, 46(2)—Constitutionality of statute will be considered only when invoked by parties having an interest therein.**

The exercise of the power to determine whether legislation enacted by the lawmaking department of the government is within or without the constitutional authority of that department, and of binding effect upon all persons within the borders of the state, or is void and of no effect, is a serious matter, and about the first thing to be inquired into in the exercise of that power is whether it is invoked by one who has an interest, and hence a standing, to invoke it, by reason of some actual, personal right to be vindicated, or some wrong to be redressed. When, therefore, each of two litigants before the court says of the other, "There is a question [meaning doubt, as we understand] as to his interest," and they agree, and so inform the court to exclude those questions from consideration, the court will also exclude from consideration the question of the constitutionality of the statute.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Action by the City of New Orleans and Martin Behrman, Mayor, against Frank Dameron and others, as members of a state commission, for injunction, and preliminary writ issued as prayed for, and subsequently the State was substituted for the original defendants, and from·a judgment dismissing their rule to dissolve the injunction, the State and the Governor, through the Attorney General, procured a devolutive appeal. Judgment appealed from affirmed as to the plaintiff Martin Behrman, and reversed as to the City of New Orleans, and preliminary injunction held no longer in force.

See, also, 148 La. 143, 86 South. 716.

A. V. Coco. Atty. Gen., L. E. Hall, Asst. Atty. Gen., and P. A. Sompayrac, of New Orleans, for the State.

Isaiah D. Moore and John F. C. Waldo, both of New Orleans, for appellee Behrman.

Statement of the Case.

MONROE, C. J. Act 37 of the General Assembly of 1920 created a "commission," the members of which were to be, and were appointed by the Governor, for cities having a population of over 100,000 inhabitants, and imposed upon it the duty—

"to investigate the management of all municipal boards and commissions located or existing within the limits of said cities, and all the departments of said cities' governments, and each parochial and municipal office of said cities, and of the affairs and form of government of said cities, and to make report of its findings and recommendation to any constitutional convention that may be called by the present General Assembly, and the next session of the General Assembly, and to the Governor, from time to time, whenever requested by him so to do, to the end that the people of said cities may be helped to obtain that form of government which will best lend itself to service and efficiency, and that will not serve as a cloak or agency for the construction and maintenance of a political ring or rings," etc.

The act provided for the organization of the commission, authorized it to employ officials, clerks, etc., and fix compensation; to summon witnesses, compel their attendance and examine them; to call for books and papers; and appropriated $25,000 for the payment of its expenses.

As there is not, and has never been, and is not likely to be, for some years to come, a city in Louisiana, except New Orleans, with a population exceeding 100,000, it is evident that the act was intended to apply to New Orleans, and is inapplicable to any other city. The city of New Orleans, so regarding it, therefore, by authority of its council, and through Martin Behrman, its mayor, and Martin Behrman individually, in his capacity as an elector and taxpayer, brought this suit, attacking the constitutionality of the act in question, and praying that a preliminary injunction issue prohibiting the members named by the Governor from organizing the commission so created, and, after due proceedings, that the injunction be made perpetual; and the preliminary writ was issued as prayed for. Thereupon the members, made defendants, ruled plaintiffs to show cause why said preliminary injunction should not be dissolved, upon the grounds alleged by them, including the following, to wit: "that neither said city or any officer thereof, or any individual taxpayer, has any right or cause of action to restrain such action"—meaning the action contemplated by the statute, and, after hearing, there was judgment dismissing their rule. About that time, the state appeared in the case, and, taking the place of the original defendants, filed an answer to plaintiff's petition in which it is alleged, inter alia:

"That the plaintiffs in injunction have no interest nor legal right entitling them, or any of them, to question the constitutionality of said Act 37 of 1920, or to prevent the organization * * * of the commission, or otherwise to obstruct or prevent the proposed investigation, on any ground whatsoever."

The original defendants took no appeal from the judgment dismissing their rule to dissolve the injunction, but three months later (on December 1, 1920) the state and the Governor, through the Attorney General, appeared, and, alleging that they were aggrieved by said judgment, and that a devolutive appeal was necessary in order to prevent irreparable injury, obtained an order for such appeal, which was duly returned to this court on December 16, 1920. In the meanwhile, there had been an election in New Orleans, resulting in a change of administration, and on January 20, 1921, the newly chosen city attorney, acting for and in the name of his client, appeared in this court and moved that the appeal so taken by the state be dismissed, alleging as a reason therefor that, before the return of said appeal, the city had moved the discontinuance of the suit in the district court and had obtained the following order and judgment, to wit:

"It is ordered that the suit and demands of the city of New Orleans in these proceedings be, and the same are hereby, discontinued and dismissed, and accordingly the injunctions therein issued in favor of the city of New Orleans and against the defendants herein is hereby recalled and dissolved. New Orleans, December 8, 1920. [Signed] Fred D. King, Judge."

It is further alleged that:

"The only question now before the Supreme Court is whether or not the preliminary writ of injunction should be dissolved, and this question is, in so far as concerns the city of New Orleans, a moot question, because, no matter which way this court decides the question, the city of New Orleans has no longer any real interest therein, its demands (which said preliminary writ sought to conserve) having been, on its own motion, discontinued and dismissed from court."

### Opinion.

[1, 2] And, in support of the right of the city and of the authority of the district court to discontinue and dismiss the main suit, notwithstanding the appeal (even though it had been suspensive) from the judgment dismissing the rule to dissolve the preliminary injunction, the learned city attorney cites the ruling of this court in the matter of Butcher's Union, etc., v. Judge, 33 La. Ann. 436, which, though the positions of the litigants are not identical with those of the parties in this suit, seems much in point.

It is true that the allegations of the mover herein as to the action taken in and by the district court relate to matters of fact, which otherwise are dehors the record now before us, and that, if they were in any wise challenged, it might become necessary to remand the case for the taking of evidence; but the motion in question has been on file in this court for nearly nine months, and its allegations remain wholly undenied. Moreover, since the city thus judicially asserts and admits in this court that she has no interest in this case, she is bound by that admission, and it is unnecessary that the court should inquire when, or for what reason, she ceased to be interested. She remains, nevertheless, a party to this appeal, and is within her rights in moving its dismissal, so far as she is concerned, since the grievance upon which, alone, the state based its right of appeal was the issuance, at the instance of the city and of Martin Behrman, of the preliminary injunction prohibiting operation under Act 37 of 1920, and the refusal of the trial judge to dissolve that writ, and, so far as the city is concerned, that end has been more than accomplished by the discontinuances of the entire preceeding in which the demand for the writ or for any perpetuation of it was made, and by its dissolution.

This suit, however, was instituted by and in the name of Martin Behrman, citizen and taxpayer, as well as of the city, and, as to him, has not been discontinued; and it is argued in this court solely in his behalf, on the one side, and in behalf of the state, on the other side, under the following peculiar conditions, to wit:

Since the filing of the city's motion to dismiss the appeal, the constitutional convention, referred to in Act 37 of 1920, and with reference to which, in a large measure, that act appears to have been passed, has been convened, has held its sessions, adopted the Constitution of 1921, and adjourned, so that the commission created by the act of 1920 can make no report to that convention. Moreover, unless it be that this court is not permitted to know that which is well known to every fairly intelligent citizen of the community, we think that, without an overstrain of our judicial cognizance, we may infer that the immediate object of Act 37 of 1920 has been achieved by other means, or that other provision has been made for its achievement, and that the commission thereby provided for has no intention of proceeding under it.

[3] Again, the counsel, representing respectively the litigants now before the court,

each asserts that there is a "question" as to whether the client or his opponent has such an interest in this litigation as to entitle him (or it) to a standing in court, and, that being the case, they reciprocally waive all discussion of those matters, and ask the court to decide the question of the constitutionality vel non of the act of 1920 without considering them. The court finds it impossible to grant that request. The exercise of the power to determine whether legislation enacted by the lawmaking department of the government is within or without the constitutional authority of that department, and is of binding effect upon all persons within the borders of the state or is void and of no effect, is a serious matter, and about the first thing to be inquired into in the exercise of that power is whether it is invoked by one who has an interest, and, hence a standing to invoke it, by reason of some actual, personal, right to be vindicated, or some wrong to be redressed. In the instant case, as the counsel of each of the litigants before the court say that there is a "question" (meaning, as we understand, a doubt) as to the interest of the other litigant, and as they have therefore agreed, and so inform the court, to exclude these questions from present consideration, we must decline to consider the question of the constitutionality of the statute which is attacked and under discussion; and, in view of that conclusion, the judgment appealed from must be affirmed as to Martin Behrman, and, as to the city of New Orleans, since the main action has been discontinued, that judgment must be reversed, and the preliminary injunction held to be no longer in force. And it is accordingly so ordered, the city to pay the costs of this appeal, and two-thirds of the costs of the district court so far incurred. Other costs to await the final judgment.