(94 South. 895)

No. 25386.

STATE v. TESTA.

(Nov. 27, 1922.    Rehearing Denied Dec. 29, 1922.)

*(Syllabus by the Court.)*

1. **District and prosecuting attorneys ⬥8 —Proper person to conduct prosecutions.**

The District Attorney is the proper person to conduct prosecutions on behalf of the state.

2. **Constitutional law ⬥42—Defendant cannot challenge portions of statute not affecting him.**

A defendant has no interest to challenge the constitutionality of portions of a statute which do not affect him, when he does not challenge the constitutionality of that part of the statute which does affect him.

3. **Criminal law ⬥1158(1)—Supreme Court cannot re-examine questions of fact.**

This court has no jurisdiction to re-examine questions of fact arising in a criminal case.

4. **Courts ⬥187—Criminal law ⬥1111(2)— City court held not a court of record; trial judge's statement held conclusive that defendant joined issue.**

The city court of Alexandria is not a court of record, and the statement of the trial judge that the defendant responded and the trial then proceeded is conclusive that the defendant joined issue.

Appeal from City Court of Alexandria; Al. Hundley, Judge.

Joe Testa was convicted of having possession for sale of intoxicating liquor for beverage purposes, and he appeals. Affirmed.

Hakenyos, Hunter & Scott, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

ST. PAUL, J.    Defendant was convicted under an affidavit reading as follows:

"State of Louisiana v. Joe Testa.

"Before me, the undersigned authority, personally came Cleveland Dear, *District Attorney, thirteenth judicial district of Louisiana,* who being duly sworn deposes and says, that Joe Testa late of the parish of Rapides, on or about the 21st day of April, 1922, within the limits of Alexandria ward, in the parish and state aforesaid, with force and arms, willfully, maliciously, and feloniously did have in his possession for sale, intoxicating liquor for beverage purposes, without having a permit or any authority in law for the same, contrary to the statutes of the state of Louisiana, and *against the peace and dignity of the state;* and prays that he be arrested and dealt with according to law.    (Italics ours.)

"[Signed]   Cleveland Dear,
                    "District Attorney.

"Sworn to and subscribed before me April 28th, 1922.

"[Signed]   Al. Hundley, City Judge.

**I.**

[1] The complaint in the second bill of exception that said prosecution is not brought by any person having the right to conduct public prosecutions, and that said prosecution is void for want of proper form in that it does not conclude with the terms "against the peace and dignity of the State" is wholly unfounded.    The District Attorney is clearly the proper person to conduct prosecutions on behalf of the state; and so much of the complaint as relates to the form of the affidavit was evidently filed under a misapprehension as to the contents of the affidavit as given in full above.

**II.**

[2] The first bill of exception was taken to the action of the court in overruling a motion to quash the charge on the ground that so much of Act 39 of 1921 as provides for search warrants is unconstitutional.

We fail to perceive how that question arises; the charge says nothing of search warrants, and nothing in this record shows that any search warrant issued in this case.    The defendant has therefore no interest in raising

the question; those portions of the statute which affect him not being challenged. ·

### III.

[3] In his third bill of exception defendant complains that the evidence did not show that he had the liquor for sale. The trial judge found as a fact that the liquor found in defendant's possession was held for sale ("could reach no other conclusion but that this was for sale"), and we have no jurisdiction to re-examine the facts.

[4] In the last bill of exception, taken to the overruling of a motion in arrest of judgment, defendant complains that he never joined issue; but the city court is not a court of record, and the trial judge says that when the case was called the "defendant responded * * * and the trial proceeded in the usual manner." That is conclusive.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.