(97 South. 597)

No. 26005.

## DAVIES v. TEXARKANA CRUDE OIL CO.

(July 11, 1923. Rehearing Denied Oct. 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Mines and minerals** ⚏78(6)—**Annulment of lease held to involve accounting as to revenues from all wells.**

Annulment of oil and gas lease, requiring lessee to bring under control a certain wild gas well and to drill certain wells within one year thereafter, because of failure to drill such other wells, *held* to necessarily involve accounting of lessee's revenues from well drilled, in order to relieve or control the wild well as well as revenues from the wild well.

2. **Stipulations** ⚏14(1)—**Admission as to facts held to supersede prior erroneous admission.**

In action involving accounting, admission that no gas was taken from wild well by lessee after it was brought under control *held* to supersede admission in affidavit previously filed by counsel for both sides as to value of the gas so taken and to warrant judgment on theory that no gas was taken.

3. **Appeal and error** ⚏1214—**Plaintiff permitted to show that defendant had received enough from gas wells to liquidate judgment, notwithstanding former decision.**

In suit to annul oil and gas lease, though it was held on former appeal that defendant was entitled to $25,000 for controlling wild well and had received the sum of $16,014.04 and should continue in possession and receive proceeds from the well until balance due was liquidated, and case was remanded to determine only amount produced during a certain period, where it appeared that no gas was being obtained from the wild well, and that consequently judgment for return of the property to plaintiff was impossible of execution, plaintiff should be permitted to show that defendant had already received more than sufficient to liquidate the judgment.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by D. D. Davies against the Texarkana Crude Oil Company. From a judgment granting insufficient relief, plaintiff

appeals. Affirmed in part and set aside in part, and case remanded with instructions.

Lewell C. Butler, of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

ROGERS, J. Plaintiff sued defendant to annul a certain mineral lease on land in the parish of Caddo. This court annulled the lease and ordered that defendant, on its demand in reconvention, be paid $25,000 for procuring the killing of a wild gas well on the leased property, with an additional sum to cover the value of gas produced from the well during the first year after its connection with the pipe line. The case was remanded for the purpose of ascertaining the quantity and value, at 1½ cents per thousand cubic feet of the gas so produced. It was further ordered that the sum of $16,014.04, which the court found from the record had been received by defendant from the production of the well, should be applied against the total amount due it for the killing, and from the production, of the well, and that the defendant should continue to receive the proceeds from the well until the balance due was liquidated, reserving to plaintiff the right to pay said balance in cash and resume possession of his property. 152 La. 308, 93 South. 104.

Upon the trial of the case under the order of remand, counsel for both sides submitted an affidavit showing that the value of the gas received after connection of the well with the pipe line was $3,148.30, and judgment was rendered accordingly. It was discovered subsequently that said affidavit was erroneous, as no gas whatever had been produced from the well, because of its extinction, and, on motion, the case was reopened, and judgment finally rendered decreeing:

"That defendant is entitled to receive for the closing of said 'wild well' the sum of $25,000, and that all sums received by defendant and its transferors from the proceeds or production of said 'wild well,' this being fixed at this time, as $16,014.04, or that may be due thereon, be credited against the said sum of $25,000, and that in payment of the balance, the defendant shall continue to receive the proceeds from said 'wild well' until the said sum of $25,000 is fully satisfied, reserving to plaintiff the right, if he so elect, of paying said balance in cash, and thus freeing his property from all other claims on account of the said contract of January 6, 1913. Defendant to pay all costs of this court."

From this judgment plaintiff has appealed, and defendant has answered the appeal, praying that the judgment be amended by awarding it $3,148.30 for the value of the gas produced by the well the first year it was turned into the pipe line; or, in the alternative, since the original judgment, holding that defendant had received from said well $16,014.04, was based on an erroneous admission of counsel for both parties, the case should be remanded for the purpose of ascertaining whether the gas produced to said amount was from the said "wild well" or from other wells on the leased premises, and, if found to be the product of other wells, the erroneous admission of counsel should be corrected and the credit awarded plaintiff should be disallowed.

An admission in the record shows that during the first year after the said "wild well" was closed no gas was taken therefrom, and that the well was not connected with any pipe line for at least several years, if at all, after it was closed.

Plaintiff complains that the effect of the judgment appealed from is to preclude him from recovering his property, since it permits defendant to retain the same until it receives payment of the balance due from a source from which it cannot possibly be derived, and that the reservation of his right to pay the difference in cash, and then receive his property, affords him no adequate relief, for the reason that defendant has already received more than $25,000 from the

lease itself, which fact he offered to prove, but was not permitted to do so by the trial judge.

Defendant urges that plaintiff is estopped, and it has filed a plea to that effect, by the admission of counsel on the original hearing that the production of the well was $16,014.- 04, for which amount he received credit, from at this time disputing that the well produced gas for the first year.

[1] While we do not consider the plea of estoppel to be well founded, it is unnecessary for us to set forth our reasons for that conclusion. In our previous decree we disposed of the main issues of the suit, and the case was remanded for the purpose only of ascertaining the amount and value of the oil taken from the wild well during the first year after it was connected with the pipe line. The annulment of the lease necessarily involved an accounting by defendant to plaintiff of the revenues from the wild well, if any, or from the well which was drilled in order to relieve or control the wild well, so that, for the purpose of a complete and final settlement between the parties, it is of no consequence whether the $16,014.04 in question was derived from the wild well or from the relief, or controlling, well.

[2] The admission, in accordance with the facts, of counsel on the trial of the present issue that no gas was taken from the wild well after it was closed, supersedes the admission in the prior affidavit, admittedly erroneous, that the value of the gas taken from the well amounted to $3,148.30, and was a sufficient basis for the judgment of the district court on that point. Since no gas was produced during the period of one year after the connection of the wild well with the pipe line, necessarily no judgment could have been rendered therefor.

The controversy, therefor, now stands with a judgment for $25,000 in favor of defendant against plaintiff, subject to a credit, under judgment in favor of plaintiff, of $16,014.04 and such further sums as defendant has received from the annulled lease, in gas taken therefrom, subsequent to the date of the admission of counsel filed in the original proceedings and used as a basis for the prior judgment of this court.

[3] Plaintiff's counsel, in argument, urges that, if the additional amount received by defendant be considered, it has received more than the $25,000 awarded to it by this court, which fact, he states, he offered to prove, but was refused permission to do so by the district judge.

The district judge took the position that he was without authority to go beyond the instructions of this court in its order of remand, and that the only question for him to pass upon was as to the amount and value of the gas produced by the wild well after it had been closed, and his judgment was rendered accordingly.

Technically the district judge was correct, but a strict adherence to this view would leave the plaintiff remediless, since it would result, as it has already resulted in the court below, in a judgment impossible of execution in so far as the return to plaintiff of his property is concerned. It is our opinion, in order to bring this litigation to a close, plaintiff should be permitted to show, if he can, that defendant has actually received from the proceeds of the gas more than sufficient to liquidate its judgment of $25,000, and that the case should be remanded for that purpose.

For the reasons assigned, the judgment appealed from is affirmed in so far as it decrees defendant to be entitled to receive for the closing of the wild well the sum of $25,000 and orders that the sum of $16,014.- 04 received by defendant and its transferors from the proceeds or production of said wild well be credited against said sum of $25,000.- 00, and it is set aside in all other respects,

and this case is remanded to the district court with instructions to allow and receive proof of the amounts received by defendant and its transferors from the proceeds or production of the relief, or controlling, well drilled on said leased property from the date of the admission (or statement of facts) by counsel, filed in the original proceedings and used as the basis for the prior judgment of this court, and should it appear or develop upon said hearing that the total amount received by defendant or its transferors, including the $16,014.04 and the revenues from the relief, or controlling, well exceeds the $25,000 awarded defendant or its transferors, then judgment shall be entered crediting plaintiff with said amount and, ordering that possession of said property be immediately delivered to plaintiff, with a judgment for the overplus; or should it appear or develop upon said hearing that the total amount so received by defendant, or its transferors, is not sufficient to liquidate the judgment of $25,000 in full, defendant shall continue to receive the proceeds from the said relief, or controlling, well until said judgment is fully satisfied, reserving to plaintiff the right, if he so elect, to pay said balance to defendant or its transferors in cash and free his property from all other claims on account of the contract of January 6, 1913. Defendant to pay costs of both courts.