(103 So. 730)

Nos. 26009, 26227.

**VANDER SLUYS v. FINFROCK.**

(March 2, 1925. On Application for Rehearing March 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Statutes** ☞241(1)—**Courts will not apply penalty which is not within obvious meaning of language of statutes.**

Courts will not apply penalty to a case which is not within obvious meaning of language of statute, even though within mischief to be remedied, it being duty of courts to interpret, not to amend, statute from which something may have been omitted through inadvertence or otherwise.

2. **Mines and minerals** ☞73—**Oil and gas lease is incorporeal right.**

Oil and gas lease is incorporeal thing, a real right or servitude, which is immovable only in fictitious sense that classification is determined by character of object to which it is applied, under Civ. Code arts. 463, 464, 470, 471, and which may be lost or extinguished by prescription, if not exercised within 10 years according to articles 789, 3529, 3546.

3. **Mines and minerals** ☞58—**Right to drill for oil and gas will not be annulled for inadequacy of consideration or lesion beyond moiety.**

Right to drill for oil and gas will not be annulled for inadequacy of consideration or lesion beyond moiety, contract not being one of sale of an immovable by nature or by destination which may be annulled for lesion beyond moiety, under Civ. Code, arts. 1861, 1863.

4. **Brokers** ☞42 — **Sale of oil lease not sale of "real estate" so as to require license as "real estate broker."**

Sale of oil and gas lease is not sale of "real estate" or immovables by nature within Act No. 236 of 1920, § 1, and seller is not required by section 14 to have license as a "real estate broker," defined in section 2 as one who, for compensation, sells, buys, or offers to sell, buy, or negotiate purchase or sale or exchange of real estate, or who leases, rents, or offers for rent, any real estate or improvements thereon for others as a vocation.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Real Estate; Real Estate Broker.]

5. **Constitutional law** ☞42—**Constitutionality of statute not considered where party attacking it is not within it.**

Constitutionality of statute will not be considered where attack is made by one who does not come within provision of act, and has no personal right to be vindicated, or wrong to be redressed under its provisions.

6. **Appeal and error** ☞1011(1)—**Finding of falsity of allegation of nonresidence in affidavit for writ of attachment followed where evidence conflicting.**

Finding of falsity of allegation of nonresidence in affidavit for writ of attachment, on which testimony was conflicting, would be followed.

On Application for Rehearing.

7. **Appeal and error** ☞1185—**Clerical error, if any, in labeling judgment in decree on appeal could be corrected without rehearing.**

Clerical error, if any, in labeling judgment "first" instead of "second," in decree affirming one judgment and reversing another, could be corrected without rehearing.

O'Niell, C. J., dissenting in part.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by M. Vander Sluys against Alice H. Finfrock, in which a writ of attachment was also issued. From judgments sustaining exceptions of no right of action and dissolving attachment, plaintiff appeals. Second judgment affirmed, first judgment amended, and case remanded, with directions.

Keeney & Dimitry, of Shreveport, for appellant.

Palmer & Hardin, of Shreveport, for appellee.

Percy Saint, Atty. Gen., and Percy T. Ogden, Asst. Atty. Gen., for Louisiana Real Estate Board.

Nathan William MacChesney, of Chicago, Ill., for National Ass'n of Real Estate Board.

LAND, J. This is a suit to recover a balance of $5,000, alleged to be due by defendant to plaintiff as commissions on the sale, in the year 1922, of an oil and gas lease on certain acreage in Claiborne parish.

Defendant filed an exception of no cause or right of action to plaintiff's petition, especially upon the ground that plaintiff does not allege that he is a duly licensed real estate broker of the state of Louisiana, under Act 236 of 1920, and as such entitled to recover a commission.

Before the exception was tried and disposed of, plaintiff was permitted to amend his original petition. In the supplemental petition filed by plaintiff it is alleged:

"That your petitioner is a duly qualified realty dealer and licensed broker under the provisions of Act 236 of 1920, that his delinquency for the year 1922 has been recognized, and that petitioner since has had issued to him the necessary acknowledgment as having paid his tax for the year 1922 and 1923, and as having satisfied his delinquency under the provisions of the act."

The supplemental petition was filed by plaintiff May 16, 1923, and the exception of no cause or right of action was renewed as to the petition, as amended, by defendant on May 26, 1920.

The case was argued on the exceptions of no cause or right of action and submitted on briefs April 2, 1923, and plaintiff was then permitted to file, nunc pro tunc, a plea of unconstitutionality of Act 236 of 1920.

Evidence was adduced on the trial of the plea of unconstitutionality, which was overruled, and the exceptions of no cause or right of action as to the original and amended petitions were sustained, and plaintiff's suit was dismissed.

(1) We are of the opinion that the exceptions of no cause or right of action should have been overruled.

It is contended by plaintiff that "an oil and gas lease" is not "real estate," and that the sale by him of the lease in this case as a broker for defendant did not constitute a sale of "real estate," within the intent and meaning of section 2 of Act 236 of 1920, defining the business of "a real estate broker," and, therefore, said sale was not a violation of the statute. Section 1 of said act makes it an offense for any person "to engage in the business or capacity, either directly or indirectly, of a real estate broker, without first obtaining a license under the provisions of this act."

Section 2 of said act declares:

"That a real estate broker within the meaning of this act is any person" * * * who for a compensation or valuable consideration sells or offers for sale, buys or offers to buy, or negotiate the purchase or sale or exchange of real estate, or who leases or offers to lease or rents or offers for rent, any real estate or the improvements thereon for others, as a whole or partial vocation."

This section is silent as to the sale by a broker of a lease of any kind on real estate, whether on lands or houses. Mineral leases are not mentioned in this section at all. It is immaterial that it is the custom of real estate brokers to handle oil and gas leases. The business of real estate brokers is expressly defined by statute, and plaintiff must come clearly within its terms, before he can

be prosecuted under the statute and punished for its violation, which is penalized with severe penalties.

In U. S. v. Wiltberger, 5 Wheat. 96, 5 L. Ed. 37, Marshall, C. J., said:

"To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous, indeed, to carry the principle, that a case which is within the reason or mischief of a statute, is within its provisions, so far as to punish a crime not enumerated in the statute, because it is of equal atrocity, or of kindred character, with those which are enumerated."

See State v. Couvillon, 117 La. 935, 42 So. 431; State v. Fontenot, 112 La. 642, 36 So. 630.

"There can be no constructive offenses, and before a man can be punished, his case must be plainly and unmistakably within the statute." U. S. v. Lacher, 134 U. S. 624, 10 S. Ct. 625, 33 L. Ed. 1080; State v. Breffeihl, 130 La. 905, 58 So. 763, 40 L. R. A. (N. S.) 535.

· "Criminal statutes cannot be extended to cases not included within the clear import of their language." State v. Peters, 37 La. Ann. 730.

"Nothing would be more dangerous to the liberties of the people, than that courts should consider as the law, not statutes in actual existence, but the motives of the Legislature. If such was the rule, there would then be no certainty in the administration of justice; different courts would vary as to the motives of the sovereign power; in one part of the state, particular actions would be viewed and punished as crimes, and in other parts, they would be justified." State v. King, 12 La. Ann. 594.

"The law is not prone to * * * extend punishments and penalties; and this statute, highly severe in the consequences it inflicts, and penal in its character, should receive a strict judicial construction—that is to say, it should not be extended to derelictions of duty not specially and clearly described and comprehended in it." Simms v. Bean, 10 La. Ann. 346.

[1] The courts will not apply a penalty to a case, not within the obvious meaning of the language employed, even though it be within the mischief to be remedied. What the Legislature, through inadvertence or otherwise, omits from such a statute, the courts cannot supply; their duty being to interpret, not to amend, the law. State v. Palangue et al., 133 La. 36, 62 So. 224.

[2] Oil and gas beneath the surface are not subject to ownership as corporeal property, and a contract selling them, or for sale of land and reserving them, conveys or preserves an incorporeal right, a real right or servitude, which is lost or extinguished by prescription, if not exercised within 10 years, according to articles 789, 3529, and 3546 of the Civil Code. Frost-Johnson v. Salling's Heirs, 150 La. 756, 91 So. 207; Nabors Oil & Gas Co. v. Louisiana Refining Co., 151 La. 361, 91 So. 765; Sellington v. Producers Oil Co., 152 La. 81, 92 So. 742; Lieber v. Ouachita Natural Gas & Oil Co., 153 La. 160, 95 So. 538; Wemple v. Nabors Oil & Gas Co., 154 La. 424, 97 So. 666; Exchange National Bank v. Head, 155 La. 310, 99 So. 272.

[3] A grant of the right to drill for oil and gas will not be annulled for inadequacy of consideration or lesion beyond moiety, such a contract not being properly speaking a "contract of sale," of an immovable by nature or by destination, which may be annulled for lesion beyond moiety under articles 1861 and 1863 of the Civil Code. Wilkins v. Nelson, 155 La. 809, 99 So. 607; Lieber v. Ouachita Natural Gas & Oil Co., 153 La. 160, 95 So. 538; Fomby v. Development Co., 155 La. 705, 99 So. 537.

[4] Therefore, oil and gas leases are not "real estate," or immovable by nature, such as lands and buildings, and a sale of a mineral lease is not the sale of "real estate," within the purview of section 2 of Act 236 of 1920. An oil and gas lease, quoad the land, is an incorporeal thing, a real right or servitude, and is an immovable only in the fictitious sense that such classification is determined by the character of the object to which it is applied. R. C. C. arts. 463, 464, 470, 471.

It is clear, therefore, that the sale of the oil and gas lease by plaintiff as a broker in

this case was not a violation of section 1 of Act 236 of 1920, as plaintiff was not engaged in the "real estate business," or the sale of corporeal immovable property, as defined in section 2 of said act, and was not subject, therefore, to the exaction by the Louisiana real estate board of the license or permit required of real estate brokers under section 14 of this statute.

[5] (2) We must decline to consider the question of the constitutionality of Act 236 of 1920, raised by plaintiff in this case, as plaintiff does not come within the provisions of said act, and, therefore, is without interest or standing to attack its constitutionality, by reason of any actual personal right to be vindicated or wrong to be redressed under its provisions. City of New Orleans v. Dameron, 149 La. 535, 89 So. 685; State v. Rogers, 148 La. 660, 87 So. 504; State v. Testa, 152 La. 951, 94 So. 895; State v. Coco, 152 La. 241, 92 So. 883.

[6] (3) A writ of attachment was issued in this case by plaintiff against defendant, on the ground that defendant was a nonresident, and certain funds of defendant in the hands of the Atlantic Oil Producing Company were garnisheed. The attachment was dissolved with damages for attorney's fees and loss of time, on the ground that the allegation made by plaintiff, in his affidavit for the writ, as to the nonresidence of defendant, was false and unfounded in fact. The testimony is conflicting upon this point, and we feel justified in relying in this case upon the finding of fact made by the trial judge.

There are two judgments rendered by the court below. The first judgment, of date June 27, 1923, overruled the plea of unconstitutionality of Act 236 of 1920, and sustained the exceptions of no cause or right of action and dismissed plaintiff's suit.

The second judgment, of date March 28, 1923, dissolved the writ of attachment and dismissed the garnishment proceeding, with damages in the sum of $350; attorney's fees for the dissolution of the writ in the sum of $250; and for loss of time of defendant in the sum of $100.

Plaintiff has appealed from both judgments.

For the reasons assigned, the second judgment appealed from is affirmed. It is now ordered that the first judgment appealed from be amended, and that the exceptions of no cause or right of action be overruled and dismissed, and that said judgment, as amended, be affirmed. It is further ordered that this case be remanded to the lower court and reinstated on the docket of said court, and be proceeded with in due course on the trial of the merits. Costs of appeal to be equally divided between plaintiff and defendant, and all other costs to await final judgment in the case.

O'NIELL, C. J., concurs in the result, but not in the opinion that dealing in mineral leases is not dealing in real estate.

## On Application for Rehearing.

ST. PAUL, J. There were two appeals taken in the above-entitled case, both by plaintiff; to wit, (a) one, under our No. 26009, from a judgment, rendered *March 28th, 1923*, dissolving with damages an attachment taken out by plaintiff; (b) the other, under our No. 26227, from a judgment, rendered *June 27, 1923*, sustaining an exception of no cause of action dismissing plaintiff's suit. Which appeals were consolidated, and were both disposed of by our opinion and decree herein handed down on March 2, 1925.

Plaintiff has applied for a rehearing as to the judgment of *March 28th;* and defendant has applied for a rehearing as to the judgment of *June 27th.*

There is no merit in either application.

Our attention is called to the fact that the opinion and decree both designate the judg-

ment of *June 27th* as the *first* judgment, and that of *March 28th* as the *second* judgment; whereas, it is said, *the reverse* would be correct, and some confusion may result.

It is true that in *chronological order*, the judgment *of March 28th* is the *first*, and that of *June 27th*, is the *second*. On the other hand, *in the order in which said appeals were considered and disposed of by this court*, the judgment of *June 27th* was *first* and that of *March 28th* was *second*.

[7] But there is, and can be, no possible confusion as to which of said two judgments was affirmed and which reversed. So that there is no occasion for correcting the alleged, *clerical* error; which, however (if need there were for correction), might be done without granting a rehearing. See American Nat. Bank v. Reclamation Oil Producing Co., 156 La. 652, 660, 101 So. 10, 12; and authorities there cited.

I recommend that both applications be denied.

PER CURIAM. For the reasons assigned, both applications are denied, and a rehearing is refused.