Plaintiff, in his petition, alleged a special contract with defendant, and shows that under said contract he purchased from Allison-Day and Allison Dingee and others a lease on 80 acres of land for $165,000; also the Barnes lease, containing 80 acres for $60,000, and a 1/16 interest in the two Bristow leases on 88 39/100 acres, together with an oil well and equipment situated thereon for a total price of $4,289. The manner of designating the leases, the character of the acreage, the large purchase price paid for each lease, and the oil well and equipment on one of said leases, as set forth in the petition, would seem to indicate, without any question of a doubt, that the leases which plaintiff averred he purchased for defendant were oil leases, and that, therefore, the transactions to which he refers are well within the rule announced in Vander Sluys v. Finfrock (La.)103 So. 730.[1] But even if the pleader be held to a strict and technical construction of his language, without indulging in any inferences as to the import thereof, and the terms "leases" as used by him be construed to mean ordinary leases affecting the lands involved, nevertheless, in so far as his transactions in said leases are concerned, he is not amenable to the provisions of Act 236 of 1920.
Section 1 of the act prohibits any person from engaging in the business of real estate broker without first obtaining a license as set forth in the statute. Section 2 defines the meaning of a real estate broker. One who buys or sells a lease on any kind of real estate is not comprehended within the definition at all. Since the statute sets forth what *Page 897 
is necessary to constitute the business of a real estate broker, plaintiff must be brought clearly within its terms before he can be subjected to its provisions.
Plaintiff, in his petition, clearly sets forth a cause of action for compensation for his services in securing the leases for defendant's account. Nor was it necessary, as we stated in our former opinion, in order to obtain compensation for obtaining the land, that plaintiff should have alleged that he was engaged in the business of real estate broker, and duly licensed as such. If he is not entitled to a recovery under this allegation of his petition because he is not a licensed real estate broker, then that fact is a matter of defense which must be set up and proved by the defendant on the trial of the case.
We think, however, that we were in error in the conclusion which we expressed in our former opinion that the overruling of the exception of no cause of action reinstated the attachment which had been dissolved by the judgment of the district court; in other words, that the effect of the devolutive appeal was to maintain the writ, not withstanding the judgment of dissolution.
In Wade on Attachment, vol. I, p. 294, we find the law on the subject stated as follows, viz.:
 "If an order dissolving the writ of attachment is appealed from, the appeal arrests the right of the owner to reclaim his property, but this result onlyfollows the perfection of the appeal and taking of suchmeasures as are necessary to render it a supersedeas. Otherwise the officer may restore the property and will be protected against the plaintiff by the judgment of the court even though it has been reversed." (Writer's italics.)
And in Watson v. Simpson, 15 La. Ann. 709, which is a case directly in point, this court said, on rehearing:
 "The doctrine is well established that `persons, out of the state, can only be made amenable to our tribunals by having their property attached. A writ of attachment duly executed stands in the place of a citation.' Schlatter *Page 898 
et al. v. Broaddus et al., 4 Mart. (N.S.) 430; Favrot v. Delle Piane, 4 La. Ann. 584. Hence a writ of attachment is not, in the case of an absentee, a conservatory act, a remedy, incident to a main action, but is, on the contrary, the very foundation of the action, and stands in the place of a citation in ordinary cases. Hence it follows as a natural consequence that an order setting aside an attachment terminates the suit, and is a finality, unless appealed from. The operation of such a judgment, whether styled interlocutory or final, can only be stayed by an appeal, as its immediate effect is to cause an irreparable injury to one of the parties (C.P. 566); and the fact that the defendant brought himself within reach of a personal judgment by his appearance does not destroy the effect of the interlocutory judgment, or suspend its operation, unless appealed from within the legal delay."
Counsel for plaintiff and appellant argue that, when the defendant caused the attached property to be released on bond, he gave a surety to satisfy any judgment which might be rendered against him, and that, therefore, the bond remains as an existing and valid obligation until the surety shall satisfy the judgment of the plaintiff should he be successful in his suit, or until a final judgment shall have been rendered in favor of defendant dismissing plaintiff's demand.
The condition of the release bond, which was given pursuant to the provisions of C.P. art. 259, is that the surety will satisfy the judgment to the value of the property attached as may be rendered against the defendant in the pending suit. This language means, as we construe it, that the surety can only be called on to discharge his obligation in the event the attachment is sustained. It will not be disputed that a personal judgment may be rendered against a defendant while the attachment obtained by the plaintiff may be dissolved. Certainly in a case of that kind the surety cannot be called upon to pay the purely personal judgment.
It is to be observed that the surety's obligation, under the article of the Code of Practice, is to satisfy the judgment onlyto the value of the property attached. Obviously, *Page 899 
this means the value of the property at the time the attachment is levied and not at the date of the judgment. The bond simply takes the place of the property released. Benton v. Roberts, 2 La. Ann. 243. It does not bar subsequent proceedings to set aside the writ. Quine v. Mayes, 2 Rob. 510; Bauer v. Antoine, 22 La. Ann. 145; Edwards v. Prather, 22 La. Ann. 334. And defendant, after bonding the attachment, has the right to have the writ dissolved in order to relieve himself and his surety from the obligation resulting from the bond. Pailhes v. Roux, 14 La. 82. The judgment of the court below in the instant case dissolved the attachment, and the effect of such dissolution was to release the property and to cancel the bond. Bayne v. Cusimano, 50 La. Ann. 361, 23 So. 361. The legal consequences flowing from the rendition of such judgment could have been averted only by the taking and perfecting of a suspensive appeal. The devolutive appeal which was prosecuted by the plaintiff merely implied that defendant had the right to have the judgment appealed from executed, in so far as it was executory, pending the appeal. Bank v. Bellamy Lbr. Co., 140 La. 497, 73 So. 308; McWaters v. Smith, 25 La. Ann. 515.
Since the rehearing was granted herein, plaintiff and appellant has filed in this court a plea attacking the constitutionality of Act 236 of 1920, on which defendant and appellee based its exception.
Pretermitting the question of whether or not this plea is timely filed, we must, nevertheless, decline to consider it, as plaintiff, in so far as the leases are concerned, does not come within the terms of the statute, and he is therefore without any interest or standing to attack its constitutionality. Vander Sluys v. Finfrock, referred to supra, at page 732 of the opinion as it appears in the Southern Reporter, and the authorities there cited. And it will be time enough to raise the *Page 900 
constitutional question in so far as the lands are concerned when, and if, the defense is made in court of the first instance that plaintiff cannot recover on that item of his demand, because of his failure to obtain the license required of real estate brokers under the provisions of the legislative act.
For the reasons assigned, it is ordered that our former decree be amended so as to recognize the fact that its effect is not to revive the writ of attachment and to reinstate the release bond herein, and that as thus amended it be and it is hereby reinstated and made the final judgment of this court. The right to apply for a rehearing is reserved to the plaintiff.
THOMPSON, J., dissents.
LAND, J., recused.
[1] 158 La. 175.