### No. 811.

ELIZABETH McWATERS, Wife, et al. v. ARPHA M. SMITH, et al.

25  515<br>f104 318

A judgment can, of course, be enforced pending a devolutive appeal, and the reversal of the judgment in no manner impairs a sale made under the execution, but the right of the successful appellant is against the proceeds.

When, on the rendition of a judgment, or immediately thereafter, an order for a devolutive appeal is obtained, the party obtaining it is not bound to give the bond immediately in order to preserve his right to said appeal.

A devolutive appeal may be taken at any time within twelve months, and this right is in no manner affected by any disposition the judgment creditor may choose to make of his judgment.

If a sale should take place pending a devolutive appeal, and said appeal taken within twelve months, it is considered pending from the time when the judgment was rendered.

The judgment can not have effect on the thing sold, but operates on the proceeds. The plaintiff is entitled to the amount of the difference between the proceeds of the sale of her property pending the appeal and the amount of the final judgment obtained.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *Donelson Caffery*, for plaintiffs and appellants. *F. Gates* and *R. N. McMillan*, for defendants and appellees.

WYLY, J. On third November, 1866, Mrs. Arpha M. Smith obtained judgment in the district court against the plaintiff, Mrs. McWaters, for $20,872 32, with a recognition of a mortgage on the land described in the petition.

From this judgment a devolutive appeal was taken. This Court reversed the judgment, and remanded the case for new trial, with certain instructions. At the trial on the remandment Mrs. Smith only had judgment against Mrs. McWaters for about $4205.

In the meantime, that is to say, between the time of the rendition of the first judgment by the district court and the time of its reversal by this court, Mrs. Smith caused execution to be issued on the judgment which she had against Mrs. McWaters, and purchased thereunder the plantation hypothecated and against which the foreclosure of the mortgage was ordered, bidding therefor $21,050, which sum was credited on the execution.

Subsequently, to wit: on the tenth day of June, 1870, Mrs. Smith, by notarial act, transferred this property to her son-in-law, William W. Johnson, for $10,000, stated in the act to be cash, and $2500 on credit, evidenced by two notes executed by the purchaser.

After judgment in the district court on the remandment, wherein the claim of Mrs. Smith was reduced from $20,872 32 to $4205 32, Mrs. McWaters brought this suit to recover from her $15,055 51, the difference between the amount of her bid for the property and the amount subsequently ascertained to be due her. She also sued to annul the sale to Johnson on the grounds of simulation and fraud, claiming a vendor's privilege on the property in controversy.

The court dismissed the suit, and the plaintiff, Mrs. McWaters, appeals.

Of course a judgment can be enforced pending a devolutive appeal, and the reversal of the judgment in no manner impairs the sale made under the execution; but the right of the successful appellant is against the proceeds.

Therefore Mrs. McWaters may demand the proceeds of the sale of her property (beyond the amount subsequently ascertained to be due) which was sold pending her devolutive appeal. But Mrs. Smith contends that, as Mrs. McWaters had not completed her devolutive appeal by giving bond till after the adjudication of the property to herself under her judgment, there was no appeal pending at the time of the sale; that the judgment was acquiesced in, and therefore *res judicata*. Consequently she is precluded from recovering the amount claimed. This is a fallacy.

When the judgment was rendered, or immediately thereafter, Mrs. McWaters obtained an order for a devolutive appeal. She was not bound to give the bond immediately, in order to preserve her right to a devolutive appeal. A devolutive appeal may be taken at any time within twelve months, and this right is in no manner affected by any disposition the judgment creditor may choose to make of his judgment.

The judgment of the Supreme Court is only such judgment as the inferior court should have rendered, and it determines the rights of the parties as they stood at the time the suit was instituted.

If a sale should take place pending a devolutive appeal, and if taken

within twelve months, it is considered pending from the time the judgment was rendered, the judgment can not have effect upon the thing sold, but only on the proceeds—the plaintiff in execution will be liable to the successful appellant for the amount of the proceeds.

The plaintiff is entitled to a judgment against the defendant, Mrs. Smith, for $15,055 51, the amount of the difference between the proceeds of the sale of her property pending the appeal and the amount of the final judgment obtained by Mrs. Smith.

It is useless to inquire whether this debt is secured by a vendor's privilege, as it would be without effect as to third parties for want of registry; and, therefore, this question may be laid out of view, until it is ascertained whether the sale of the property to Johnson by Mrs. Smith is valid.

This sale is now attacked on the grounds of simulation and fraud. An examination of the evidence satisfies us that there was neither simulation nor fraud.

It is proved that the $10,000, acknowledged in the deed as cash paid, was really the amount, in part, of a debt due the wife of William W. Johnson by Mrs. Smith; and that the latter received, in lieu of the cash, the receipt of Mrs. Johnson for said amount. For the balance of the price, Johnson executed his notes for $2500.

So far as concerned Mrs. Smith, this receipt of her creditor, tendered by Johnson, was equivalent to cash. It is just as valid as if Johnson had paid over to her in cash the $10,000 and she had returned it to him in payment of her indebtedness to the wife of Johnson, which he had the right to collect. The sale to Johnson was virtually for $10,000 cash and $2500 on credit, evidenced by his notes; and the whole transaction was undoubtedly made in good faith by all parties. We conclude, therefore, that the sale was valid, and that plaintiff must fail in this part of her demand.

It is therefore ordered that the judgment of the court *a qua*, dismissing plaintiff's demand, be annulled; and it is now ordered that plaintiff, Mrs. McWaters, recover judgment against the defendant, Mrs. Smith, for fifteen thousand and fifty-five dollars and fifty-one cents, with legal interest thereon from the fifth January, 1867, and all costs.

It is further ordered that the revocatory demand against William W. Johnson be rejected, and there be judgment quieting his title.

Rehearing refused.