YARRUT, Judge.
This is an expropriation suit for land ■taken for highway purposes, for the New 'Orleans Expressway, St. Bernard Avenue-Franklin Avenue Section, on State Route La. I-10, State Project No. 450-16-38, Federal Aid Project No. I-10-5 (57) 239, of the following described property:
Lot Twelve (12) commences one hundred thirty-five (135) feet five (05) inches zero (00) lines from the intersection of Allen Street and North Claiborne Avenue and its easterly property line; runs North one (01) degree nine (09) minutes seven (07) seconds East, a distance of one hundred twenty-six (126) feet one (01) inch four (04) lines to a point and corner; its northerly property line runs South eighty-four (84) degrees thirteen (13) minutes twenty-four (24) seconds West, a distance of twenty-four (24) feet zero (00) inches four (04) lines across the rear of said lot and its westerly line is common to the easterly line of Lot One (1) of said square and runs South four (04) degrees forty-six (46) minutes twenty (20) seconds West, a distance of ■one hundred twenty-six (126) feet eight J08) inches three (03) lines to a point and corner; thence runs North eighty-five (85) degrees twenty-two (22) minutes zero (00) seconds East, a distance ■of thirty-two (32) feet zero (00) inches zero (00) lines to its point of beginning. Lots One (1), Two (2), Three (3) and Four (4) extend across the entire square 754 and commence one hundred sixty-seven (167) feet five (05) inches zero (00) lines from the intersection of Allen Street and North Claiborne Avenue and measure sixty-three (63) feet three (03) inches zero (00) lines front on the northerly side of North Claiborne Avenue, sixty-three (63) feet six (06) inches zero (00) lines front on the southerly side of North Derbigny Street, with a westerly line nearer New Orleans Street of three hundred twenty-five (325) feet three (03) inches- four (04) lines and an easterly line nearer Allen Street of three hundred twenty-five (325) feet three (03) inches six (06) lines; the northeasterly corner of said parcel being one hundred fourteen (114) feet four (04) inches zero (00) lines from the intersection of Allen and North Derbigny Streets.
Portions of the property are zoned commercial and some residential. The total commercial square footage is 19,041, and the residential, 5,102 square feet.
One portion of property described above was acquired by Defendants in April, 1963, for $8,500.00, or a squar’e foot valuation of $2.42.
A comparable sale referred to by all appraisers is the sale of a Hardware Store, 1020 North Claiborne Avenue, measuring 126 feet front on North Claiborne, by 128 feet in depth, forming the corner.
The two appraisers for Defendants used this comparable but refused to take into consideration that it had a greater frontage on North Claiborne; that it was a corner location, and that the price paid for the comparable property had valuable improvements thereon; further, they refused to adjust the square foot valuation of this comparable property which was estimated to be $3.70 per square foot.
The appraisers for the State felt the hardware store on North Claiborne Avenue was the best comparable, though much better than the subject property, because it had greater frontage and was a corner location; whereas, the subject property had a small frontage and was a long, narrow lot. Further, the State appraisers, considering the sale by the Defendants of their *540 own property at $2.42 per square foot a little more than a year prior to the taking here, together with the North Claiborne Avenue hardware store comparable at $3.70 per square foot, proceeded to adjust these comparables to $3.50 per square foot as a fair value for the subject property’s land value.
The appraisers for Defendants felt the subject property was valued at $4.50 per square foot, but gave no basis for their adjustment, and no basis for their opinion. They admitted the North Claiborne Avenue hardware store property was better property and in a better location; that a corner location is better; that property with a greater frontage is better than property with a greater depth, though less frontage; but, nevertheless, valued the subject property at $4.50 per square foot without any explanatory factual basis, and would not take into consideration the adjoining property purchased by Defendants for $2.42 per square foot; nor did they feel that any value should be given to the large building that made up a part of the price of the North Claiborne Avenue hardware store comparable before fixing the land value.
Plaintiff with the filing of its suit, deposited $157,000.00 in the registry of the Court, as the appraised value of the land and improvements, as required by LSA-R.S. 48:444, 48:445.
Defendants deny the necessity for the taking and, in the alternative, claim $355,-000.00 as the fair market value, itemized as:
For ground and improvements-$300,000.00
For loss of good-will and business- 50,000.00
For moving their business to a new location- 5,000.00
Total $355,000.00
The District Court rendered judgment for Defendants in the amount of $195,-000.00, in globo, without separating the allowance for land and for improvements. The Court also fixed experts’ fees chargeable to Plaintiff, and assessed against Plaintiff all costs of Court.
Defendants operated a hardware store at the subject location, known as the “St. Bernard Hardware Store,” and employed James Maloney and George A. Frilot, Jr., appraisers, to establish land value. The State used Eugene Aschaffenburg and E. A. Tharpe, Jr. to appraise the land value.
Defendants used Albert W. Brodtman, engineer and estimator for Gurtler, Hebert and Co., General Contractors, to estimate cost of reproducing the exact building, based upon the same plans and specifications used by Defendants 17 years previous. From this estimate Defendants’ appraisers deducted depreciation to arrive at a net value of such improvements.
The State contended it had to pay only replacement cost of improvements, less depreciation ; whereas Defendants contend they are entitled to the reproduction cost of an exact duplicate building, less depreciation. Frilot and Maloney, appraisers for the Defendants, accepted Brodt-man’s estimate based on reproduction cost to reproduce the exact building, less depreciation, in order to arrive at the value of the improvements, even though they were aware that their client constructed a replacement building of same size and for same functional use for $108,000.00, or $29,000.00 less than the reproduction estimate used by them.
*541 The following scale is the appraisal used by the four realtors: Aschaffenburg and Tharpe, for Plaintiff; and Maloney and Frilot, for Defendants:
PRICE PER SQUARE FOOT
Subject Property, 1617-1623 No. Claiborne, 96'3" by 325'5", 23,846 sq. ft.:
3.51)4 per sq. ft. commercial
2.35 per sq. ft. residential (Aschaffenburg)
3.50 per sq. ft. (Tharpe)
Sale to Claiborne Hardware and Paint Company, 1483 No. Claiborne, 126'4"4" by 128' in depth, 16,215 sq. ft.:
3.70 per sq. ft. (Used by all experts.)
Purchase by Defendant of part of subject property, 1617 No. Claiborne, 32' by 126'8" in depth, 4,032 sq. ft.:
2.42 per sq. ft. (Used by Aschaffenburg)
Sale to New Orleans Printing & Engraving Company, 1019 No. Claiborne 31' by 106'6", 3,355 sq. ft.:
3.43 per sq. ft. (Used by Aschaffenburg)
Sale to United Federal Saving previous sale, 1518 No. Claiborne, 31' by 100' in depth, 3,100 sq. ft.:
3.24 per sq. ft. (Used by Aschaffenburg and Frilot)
Sale to St. Louis Corporation, 301 No. Claiborne, 300' by 156' by 75' by 182', 53,111 sq. ft.:
3.42 per sq. ft. (Tharpe)
Option-lease agreement with owners of Circle Food Store, 1510 St. Bernard, 21'5" by 111'9", 2,388 sq. ft.:
6.28 per sq. ft. (Used by Maloney)
Sale to Circle Food Store, Lot B-2, Square 632, with improvements, 24'9" by 111'3", 2,753 sq.ft:
4.70 per sq. ft. (Used by Maloney)
Sale to Circle Food Store, Lot 4, 5-B, with improvements, 11,100 sq. ft.:
6.75 per sq. ft. (Used by Maloney and Frilot)
Sale by Tennessee Gas Company for service station (Tenneco), Corner of Claiborne & Esplanade, 2,000 sq. ft.:
20.00 per sq. ft. (Used by Maloney and Frilot)
Purchase by W. Gilliard, 1658 No. Claiborne, 32' by 96', 3,072 sq. ft.:
5.86 per sq. ft. (Used by Frilot) (Without assigning any value to improvements.)
Purchase by Samuel While, 1513-131^-15 No. Claiborne, 33' by 127' by 155', 4,560 sq. ft.:
3.72 per sq. ft. (Used by Frilot) (Using $6,250.00 value of building— 2.90 per sq. ft. for land, Aschaffenburg)
From the above, we must conclude a fair value per square foot for the commercial area is $3.50, or $66,643.50 for 19,041 square feet; and $2,42 per square foot for *542 the residential area, or $12,346.84 for 5,102 square feet, or a total land value of $78,-990.34.
Albert W. Brodtman, for Defendants, Civil Engineer and Chief Estimator for Gurtler, Hebert & Co., a large contracting firm, gave a break-down cost of replacing the improvements at $137,751.00.
Carl E. Woodward, for Plaintiff, a general contractor in building construction for 40 years, and a graduate of Tulane University School of Architecture, itemized the replacement cost of the improvements today as:
Main building $90,128.76
Air-conditioning 2,500.00
Shelving and bins 6,820.00
Total $99,448.76
Lloyd J. Rockhold, also for Plaintiff, fixed the cost of replacing the building at :$98,086.00. Mr. Rockhold is a graduate and licensed Civil Engineer; and since 1949 has been engaged in all types of construction in Baton Rouge and New Orleans; and was employed by two insurance -companies (The Republic and Traveler’s) to estimate reproduction costs resulting from the hurricane “Betsy” which had re-cently swept New. Orleans and vicinity, with devastating property damage.
Mr. James Maloney and Mr. George A. Frilot, Jr., both expert real estate apprais•ers in the City of New Orleans, have fixed the value of the land and the improvements at $220,700.00 and $212,500.00, respectively, ■or an average appraisal by Defendants’ appraisers of $216,600.00.
In support of their appraisals they offered testimony of what the replacement -cost of the building would be, which replacement value was taken into consideration by them in fixing the total appraisal.
On the other hand, one of the appraisers for the State, Mr. Eugene Aschaffenburg, also an expert real estate appraiser in the City of New Orleans, fixed the value of the land at $77,700.00 and the value of the improvements at $81,170.00. To this was added the value of a fence, $200.00; paving, $640.00; shell portion, $576.00; making a total value by Mr. Aschaffenburg, of $160,286.00.
E. A. Tharpe, Jr., also an expert appraiser in the City of New Orleans, fixed the land value at $82,500.00 and the replacement value of the building, after consideration for depreciation, at $83,500.00, making a total value of $166,000.00.
A general average of the appraisals of the two experts for the State gives an average appraisal value of $163,000.00.
We are called upon to decide whether the $216,600.00 average by the experts for Defendants, or whether the $163,000.00 average by the State, is correct. There is no yardstick, nor any means of determining this amount, except from the testimony of the appraisers and building experts. State, Through Department of Highways v. Neyrey, La.App., 186 So.2d 705; State, Through Department of Highways v. Burden, La.App., 180 So.2d 784.
In summation we find a fair value of the land to be $78,990.00, and the value of the improvements $110,000.00, or a total value of $188,990.00.
As Plaintiff has already deposited $157,-000.00 in the registry of the Court, since withdrawn by Defendants; Plaintiff is indebted to Defendants for $31,990.00 additional, and not the $38,000.00 allowed by the District Court.
The judgment of the- District Court is amended and reduced to $31,990.00 with legal interest from November 16, 1964, until paid, and in all other respects the judgment is affirmed; Plaintiff to pay all costs of appeal.
Judgment amended and affirmed.