REID, Judge.
This is the second time that this case has been before this Court. Plaintiff originally filed an expropriation suit, seeking to expropriate certain property in the City of Baton Rouge. The plaintiff appealed from the award granted by the Lower Court and this Court in 202 So.2d 469 reduced the award granted by the District Court and remanded the matter to the District Court for the specific purpose of determining whether or not the plaintiff had paid the judgment rendered by the Trial Court.
The Trial Court on remand determined that payment had been made by plaintiff and rendered judgment in favor of plaintiff in accordance with the ruling of this Court, but granted interest only on the sum to be refunded by defendant to plaintiff from the period beginning November 10, 1967, the date on which the Supreme Court refused writs in the previous case.
The Court having refused to grant interest from the date the money was deposited in the Registry of the Court and received by the defendant, namely December 28, 1966, plaintiff has appealed herein seeking judgment for the interest from December 28, 1966 until November 10, 1967, the date on which the previous judgment became final.
The only issue before this Court now is the correctness of the Trial Court’s ruling in failing to grant plaintiff interest on the amount by which this Court reduced the Trial Court’s judgment from December 28, 1966, the date it was deposited in the Registry of the Court to November 10, 1967, the date the Supreme Court refused writs and the previous decision of this Court became final.
This expropriation suit was brought under the general expropriation law LSA-R.S. 19:1 et seq. These laws do not provide for interest in this instance.
The appellant contends that under a similar situation this Court and other Courts, where the amount of the original award has been reduced in State Highway Department cases, has awarded interest from the date the money was deposited in the Registry of the Court and withdrawn by the land owner.
The appellant relies particularly on the provisions of LSA-R.S. 48:456 which is a Department of Highway expropriation law and reads as follows:
“If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.
If the compensation finally awarded is less than the amount so deposited the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess.”
Assuming for the sake of argument that the plaintiff would be entitled to interest on the amount of refund from the date of the withdrawal of the award from the District Court by the defendant, we find that he has not timely prayed for the interest.
Article LSA-C.C.P. 1921 provides:
“The Court shall award interest in the judgment as prayed for or as provided by law.”
In the case of Lake Charles Harbor and Terminal District v. Prestridge, La.App., 182 So.2d 334 the Third Circuit held as follows:
“Defendants appellants also contend they should be awarded interest on the amounts by which we increased the *95 awards. This contention has no merit, LSA-C.C.P. Article 1921 provides:
“The court shall award interest in the judgment as prayed for or as provided by law”. Under this codal article, interest may be awarded only if prayed for or if provided by statute.”
See also Succession of Gafford, La.App., 180 So.2d 74.
The time for the plaintiff appellant to have prayed for interest on any refund that the Court might award it was when briefs were filed when this matter came up before us in the original appeal. Since it has failed to timely pray for interest herein recovery is denied, assuming it would be entitled to it.
For these reasons the judgment of the Trial Court is affirmed at appellant’s costs.
Affirmed.