MILLER, Judge.
The present cause is an outgrowth of an expropriation suit by the State of Louisiana through the Department of Highways, plaintiff, to obtain 7.372 acres of land from Henry W. Busch and Elizabeth Moresi, defendants, for use in constructing U.S. Highway 167. Plaintiff deposited $24,000.00 in the registry of the Court as its estimated value of the property taken. Defendants answered seeking an increase in the award. The trial court awarded defendants $51,-032.50 as the value of the property less $24,-000.00 previously paid. On January 12, 1966, plaintiffs deposited $32,439.00, representing the excess award of $27,032.50 plus interest, and on January 17, 1966, defendants withdrew this deposit. Plaintiff appealed the trial court’s decision and we reversed, reducing the amount to the $24,-000.00 figure, thus agreeing with plaintiff’s appraisal. (188 So.2d 495, 3rd App.) After a rehearing was denied, defendants applied for writs which the Louisiana Supreme Court refused. (249 La. 736, 190 So.2d 241).
Plaintiff sought to collect the $32,439.00 plus 5% interest from January 17, 1966, the date of withdrawal by defendants. Defendants offered to pay the $32,439.00 but refused to pay interest. Plaintiff filed this suit seeking $32,439.00 plus interest at 5% froih January 17, 1966. Defendants filed an exception of no right or cause of action and res judicata on the ground that our decision in the first suit (188 So.2d 495) made no provision for interest and since plantiff took no action, that judgment is final and no interest is owed. Defendants then filed an answer and in effect acknowledged the obligation to refund the $32,-439.00 but denied owing any interest.
A stipulation of counsel was drawn up and signed by both sides on February 21, 1968, whereby it was agreed that the case would be submitted on the pleadings and in essence that the sole issue for determination was whether defendants owed interest on the $32,439.00 from January 17, 1966, the date of withdrawal from the registry of the court.
On June 14, 1968 defendants filed exceptions of no right or cause of action and res judicata taking the position that they not only did not owe any interest but furthermore they did not owe the principal ($32,439.00). The latter stance was assumed on the grounds that 1) Plaintiff had acquiesced in the original trial court judgment by depositing $32,439.00 into the registry of the court on January 12, 1966, and 2) That our decision (188 So.2d 495) reducing the original trial court award from $51,-032.50 to $24,000.00 should have used language directing a judgment in favor of plaintiff and against defendants for $32,-439.00, the amount of the excess.
The instant suit was tried on the merits on June 14, 1968, and the trial court ruled that plaintiff was entitled to the return of the principal, ($32,439.00) but was not entitled to any interest. From that judgment, defendants appealed to this court.
The trial court ruled that the plaintiff was entitled to the return of the principal ($32,439.00) and we agree. To hold otherwise would clearly defeat the ends of justice and make a mockery of the first suit. Nevertheless, the resourcefulness of defendants’ attack, coupled with the obvious' seriousness of defendants-appellants’ position require answer to the argument.
Defendants argue that when plaintiff deposited the $32,439.00 (excess plus interest) after the original trial court decision, it acquiesced in this judgment. Presumably plaintiff deposited the money to stop the running of interest. The fact is the State did appeal this decision and at no time could it be construed that it acquiesced in the judgment. Indeed, defendants did not come up with this position until the latter stages of the instant suit. (June 14, 1968).
*515 Defendants contend that R.S. 48:456 (2nd paragraph) required this court in our first decision (188 So.2d 495, reducing the award to $24,000.00) to employ language substantially as follows: “Judgment in favor of plaintiff and against defendants for the sum of $32,439.00 etc.”. The language of R.S. 48:456 (paragraph 2) reads as follows:
“If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess.”
Clearly if we were required to tract the precise language of each statute in our opinions, every litigant would be at the mercy of our own inadvertencies, if, indeed, this be an inadvertence. The adoption of such a rule would open closets long ago closed and frustrate justice in causes yet unborn. However ingenious the argument, we cannot adopt this harsh principle. The intent as well as the language in our first decision is unmistakable: “For the reasons assigned the judgment of the District Court is amended by reducing the judgment awarded defendants from the sum of $52,232.50 to the sum of $24,000.00, and, as amended, is affirmed.” Defendants must return the $32,439.00.
The question of whether defendants owe interest from their withdrawal of the excess on January 17, 1966 appears to be res nova. If we were to adopt the “sauce for the goose, sauce for the gander” approach, urged by plaintiff we would have to allow interest from that date. However, the cooks in the legislative kitchen have, in our judgment, refused to apply an even handed approach to this problem.
The pertinent statutes are R.S. 48:455 and R.S. 48:456, to-wit:
“RS. 48:455 — The judgment rendered therein shall include, as part of the just compensation awarded, interest at the rate of five per centum per annum on the amount finally awarded as of the date title vests in the plaintiff to the date of payment; but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.”
“R£. 48:456 — If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.
If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess.”
Plaintiff says that although only R.S. 48:455 makes direct mention of the interest, when R.S. 48:455 and R.S. 48:456 are read together, it means that the State, as well as the landowner is entitled to interest. We do not believe that R.S. 48:455 and 456 were intended to be read together for this purpose. R.S. 48:455, which covers the question of interest, contemplates interest owed by the State to the landowner, but it does not include the reverse. Had the legislature intended the interest to accrue in favor of the State, it could have worded R.S. 48:455 to include the situation where the amount deposited by the State exceeds the ultimate award. The legislature did not choose to do this. R.S. 48:455 allows interest “on the amount finally awarded as of the date title vests in the plaintiff to the date of payment” (italics ours), which clearly shows interest runs only in favor of the landowner. We cannot supply by interpretation what our lawmakers have failed or refused to do by legislation.
We have decided that defendants do not owe interest from the date of withdrawal on January 17, 1966. The question now arises: Dc defendants owe any interest ?
Civil Code Article 1938 states that “All debts shall bear interest at the rate of five per centum per annum from the time *516 they become due, unless otherwise stipulated.” Applying this principle, it would seem that interest should accrue at 5% from October 12, 1966, the day after writs were refused by the Louisiana Supreme Court which had the effect of affirming the $24,000.00 award (249 La. 736, 190 So. 2d 241). However, the record shows that defendants offered to return the $32,439.00 excess but plaintiff refused the offer, claiming interest from January 17, 1966 in addition to the amount offered.
In the case of Interstate Electric Co. of New Orleans v. Interstate Electric Co. of Shreveport, Inc., 33 So.2d 779, 2nd App.1948, the court held that the offer and refusal of payment obviates the necessity of a formal tender in order to escape liability for interest. We find that by refusing the offer of $32,439.00 plaintiff precluded its collection of any interest.
The judgment of the trial court is affirmed and costs are taxed to defendants-appellants.
Affirmed.
En Banc.