ON REHEARING
PER CURIAM.
As authorized by Section 25 of Article VII of the Louisiana Constitution of 1921, LSA and by LSA-R.S. 13:4449, and in compliance with Rule XII, Section 4, of the Supreme Court, this court does herewith apply to the Honorable, the Supreme Court of Louisiana, for instructions on a question of law arising in the above captioned appeal.
In our opinion filed January 16, 1969,[1] our findings of fact are stated. One fact not immediately apparent in that opinion is that the instant suit was filed May 30, 1967 for the purpose of obtaining judgment which the State contends was awarded to it in the case of State of Louisiana, Through Department of Highways v. Busch, et al. reported at 188 So.2d 495. Writs denied 249 La. 736, 190 So.2d 241.
The State’s application for rehearing in the suit presently .before us, was granted for the reason that we are now unable to agree either that the State is or is not entitled to interest on the award of $32,-439.00. This is the question of law upon which we desire instructions.
While the State conceded in its application for rehearing that it had incorrectly suggested in its first brief that the question was res nova, the State pointed out in its application for rehearing that the issue of interest owed by the landowner to the State is not res nova, citing the cases of State of Louisiana, through Department of Highways v. Lumpkin, 147 So.2d 80 (La.App.2nd Cir., 1962); State of Louisiana, through Department of Highways v. Treat, 163 So.2d 578 (La.App. 2nd Cir., 1964); State of Louisiana, through Department of Highways v. Armstrong, 193 So.2d 538 (La.App. 4th Cir., 1966); State of Louisiana, through Department of Highways v. Sumrall, 167 So.2d 503 (La.App. 1st Cir., 1966), and State of Louisiana, through Department of Highways v. Calvert, 209 So.2d 759 (La.App.2nd Cir., 1968).
We are impressed with the unanimity of these decisions. On the other hand, we are aware that a close reading of these cases reveals that in every instance, it was merely assumed that interest was owed by the landowner and never was the issue itself squarely presented or discussed.
None of these cases involved interpretations of R.S. 48:455 and 456 which form the basis of our opinion handed down January 16, 1969. In the Lumpkin, Sum-rail and Calvert cases interest was awarded to the State without comment or any issue being raised. An interest question arose on rehearing on both the Treat and Armstrong cases but not as to whether it *517 was owed. Both decisions held that the landowner owed the interest. The interest issue raised on rehearing in both Treat and Armstrong was as to the precise manner of calculating interest and the issue was raised by the State. Thus, it appears that in these decisions the landowner did not raise the issue presently before us.
Furthermore, our decree of July 1, 1966 did not provide for interest. After the application for rehearing was denied and writs denied by the Louisiana Supreme Court, it is contended that our decision (188 So.2d 495) became final. In the five cases now cited as authority for awarding interest to the State (Lumpkin, Treat, Armstrong, Sumrall and Calvert), the State received judgment for these awards in the original suit. As noted above, in both Treat and Armstrong, interest was awarded as a result of the State’s application for rehearing in the original suit. It is contended that these cases do not support the proposition that where the State was not awarded interest in the original suit, the State is entitled to file a second suit to obtain interest.
The State contends that LSA-R.S. 48:-455 and 456 should be read with emphasis as follows:
§ 455. Judgment to provide interest
“The judgment rendered therein shall include, as part of the just compensation awarded, interest at the rate of five per centum per annum on the amount finally awarded as of the date title vests in the plaintiff to the date of payment; but interest shall not be allowed on so much thereof as has been deposited in the registry of the court. Added Acts 1954, No. 107, § 1, effective June 24, 1954.
§ 456. Judgment as to difference awarded
“If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.
“If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess. Added Acts 1954, No. 107, § 1, effective June 24, 1954.” (Emphasis added.)
The State further contends that Section 456 treats equally the State and the property owner and provides that just compen-"Nation finally awarded is to be granted in favor of the successful litigant whether or not the amount deposited “exceeds the amount so deposited,” or “is less than the amount so deposited.”
The State further contends that there is not a single word, clause or sentence that provides for payment of interest on the excess award only or to the landowner only and that precludes the payment of interest to the expropriating authority when the compensation finally awarded to the party entitled thereto is less than the award made by the trial court; that when Sections 455 and 456 are read and construed together and in a reasonable manner, the State is entitled to interest.
On the other hand the landowner contends, and we so held in our original opinion, that LSA-R.S. 48:455 does not provide interest where the State has deposited more than the amount finally awarded; that Section 455 plainly provides for interest only where the State deposits more than the amount finally awarded by the court. Particularly in point is that part of the Statute providing for “interest at the rate of five per centum per annum on the amount finally awarded as of the date title vests in the plaintiff to the date of payment; but interest shall not be allowed on so much thereof as has been deposited in the registry of the court.” (Emphasis added.)
Landowner contends that this last quoted provision must refer only to a deposit by the State, since there is no provision whereby landowner is to make any deposit in the registry of the court. Likewise, the provision in 455 that interest accrues “on the *518 amount finally awarded as of the date title vests in the plaintiff to the date of payment * * contemplates only the situation where the final award exceeds the amount deposited by the State. Landowner explains that to hold that landowner would have to pay interest from the date title vested in the State would require a holding in this case that landowner would owe interest from January 12, 1962, the date title vested in the State, when all the State here seeks is interest fromJJanuary 17, 1966, the date landowner received the excess deposited by the State.
Furthermore, landowner argues that there is no suggestion in this provision that interest is to accrue from the date he withdraws the deposit. Instead, as noted above, 455 only provides for interest from date of expropriation to date of payment. While the State concedes that landowner does not owe interest on the amount deposited in the registry of court until he withdrew the deposit, the State cites no provision of law for this concession.
The question upon which we desire instruction is this:
Where the State of Louisiana, through the Department of Highways, on January 12, 1962, expropriated a highway right-of-way under the provisions of LSA-R.S. 48:441 et seq., and made a pretrial deposit of $24,000.00 as just compensation; where the District Court increased the award by judgment dated December 16, 1965 to the sum of $51,032.50; where the State on January 12, 1966 deposited $27,032.50, together with $5,406.50 as interest, making a total deposited of $32,439.00, which was withdrawn by the landowner on January 17, 1966; where the Court of Appeal, after a devolutive appeal taken by the State, reversed the District Court’s decision, reducing the award to $24,000.00, but did not provide for interest; where the Court of Appeal judgment became final; is the State entitled to recovet interest from the landowner in a separate suit, and, if so, from what date?

. Attached hereto and made a part hereof.