225 So.2d 208

STATE of Louisiana Through the DEPART-
MENT OF HIGHWAYS

v.

Henry W. BUSCH et al.

No. 49799.

June 27, 1969.

D. Ross Banister, Johnie E. Branch, Jr., Chester E. Martin, Baton Rouge, for State, through Dept. of Highways, on Certification of Question of Law by the Court of Appeal, Third Circuit, for appellant.

Bean & Rush, by Warren D. Rush, Lafayette, for defendants-appellants, Henry W. Busch, and another.

BARHAM, Justice.

The present suit grew out of a previous expropriation proceeding wherein the trial court awarded a judgment in excess of the original deposit of just compensation, which was reduced by the Court of Appeal to the amount of the original deposit. The State through the Department of Highways is here seeking a judgment for the excess award plus interest of 5 per cent from the date of withdrawal of the deposited excess from the court registry, and the Court of Appeal has applied to this court for instructions on a question of law. Art. 7, Sec. 25, La. Const. of 1921.

In the expropriation proceedings the plaintiff deposited $24,000.00 in the registry of the court as its estimate of just compensation for the subject property. The defendants withdrew this deposit, as permitted by law, and answered the petition for expropriation praying for an increase in the amount of compensation. They were granted judgment in the trial court for $51,032.50, with 5 per cent interest from date of taking until paid on $27,032.50, the amount by which the award exceeded the original deposit. On January 12, 1966, the plaintiff deposited $32,439.00, the excess award plus interest from date of taking, in the registry of the court, and on January 17, 1966, the defendants withdrew this entire deposit.

The plaintiff appealed. The Court of Appeal reversed, reducing the award of just compensation to the $24,000.00 which was originally deposited as the estimate of just compensation, State through Department of Highways v. Busch, 188 So.2d 495 (La.App. 3rd Cir. 1966), and we refused writs, 249 La. 736, 190 So.2d 241.

Upon demand by the plaintiff the defendants offered to pay the excess award but refused to pay interest. The plaintiff, declining to accept the tender without interest, filed this suit for return of the $32,439.00 with 5 per cent interest from date of withdrawal until paid.

By stipulation of counsel the case was submitted on the pleadings. The defendants denied owing even the principal amount, on the theory that the plaintiff had acquiesced in the trial court judgment in the expropriation suit by depositing the amount of the excess award in the registry of the court. They also urged that if the principal amount is due, it bears no interest since the judgment of the Court of Appeal reducing the award is silent as to interest.

After trial on the merits the district court ordered the return of the principal sum but denied plaintiff's prayer for interest, and the plaintiff appealed. The Court of Appeal affirmed, but upon rehearing certified to us the question of law whether interest is due on the excess award and if so, from what date the interest is to run.

▮▮▮

220 So.2d 513. However, since we have the full record before us, we have decided to consider the entire matter as if on appeal, as we are authorized to do.

▮▮ ▮▮ We have no difficulty in disposing of defendants' argument that in the expropriation suit the plaintiff acquiesced in the judgment by depositing in the registry of the court the sum awarded by the trial court as excess. It was too late for the defendants to urge this objection after appeal and final judgment of reduction. Additionally, the Highway Department appealed from the judgment in the only manner allowed by law (devolutive appeal), and its payment of the trial court award of excess into the registry of the court as provided by law can in no way be construed as acquiescence in the judgment. Defendants' argument that the Court of Appeal decree in the expropriation proceeding was not an award or judgment against them for the amount of the excess is not seriously considered by us, because the decree obviously intended to award to the plaintiff the $32,439.00 excess deposit.

The serious issue before this court is whether the State is entitled to interest and if so, whether it may sue for interest in a separate suit.

This property was expropriated under the quick-taking statute, R.S. 48:441 et seq., which provides that the Highway Department may deposit the amount of its es-

timate of just compensation in the registry of the court and thereby immediately secure title to the property before final adjudication of just compensation. R.S. 48:456 provides:

"If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.

"If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment *in favor of the plaintiff and against the proper parties for the amount of the excess.*" (Emphasis supplied.)

■■ Under R.S. 48:449 a defendant is permitted to withdraw during the proceedings the money deposited in the registry of the court by the plaintiff, and any amount deposited by plaintiff and withdrawn by defendant which is in excess of just compensation as finally determined, is owed to the plaintiff. The excess at issue here is a debt due even without the specific provisions of R.S. 48:456. A sum paid in response to a money judgment by one cast at the trial level while a devolutive appeal is pending is owed to the party who on appeal secures reduction or reversal of the judgment. Having determined that the excess award made in the trial court, deposited by plaintiff and withdrawn by defendants, is a debt due to the plaintiff, we must determine whether interest is also due upon that amount.

Civil Code Article 1938 states: "All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated." It is obvious, then, that unless there is some express provision in law or contract that interest does not run on this debt, the excess which was deposited in the registry of the court and withdrawn by the defendants will bear interest because it is a debt due.

The defendants rely on a section of the quick-taking statute, R.S. 48:455, which provides: "The judgment rendered therein shall include, as part of the just compensation awarded, interest at the rate of five per centum per annum on the amount finally awarded as of the date title vests in the plaintiff to the date of payment; but interest shall not be allowed on so much thereof as has been deposited in the registry of the court." Defendants' contention is that since this section provides for interest in favor of the owner but the statute does not provide that interest is to run in favor of the Highway Department, the Department is precluded from seeking interest on an excess deposit.

The owner's right to interest does not derive solely from R.S. 48:455, for even without this special provision Civil Code Article 1938 would allow interest in his fa-

vor on any undeposited compensation due him for the taking of his property. The purpose of R.S. 48:455 is two-fold: It gives to the owner an award of interest as part of just compensation so that he *need not pray for interest*,[1] and it relieves the Highway Department from incurring interest on those sums deposited in the registry of the court under R.S. 48:444 et seq.[2] Without the specific provision for interest in R.S. 48:455 an owner in a quick-taking expropriation proceeding would be required *to pray* for interest on any amount awarded in excess of the deposit.[3]

■ To recapitulate, under the provisions of R.S. 48:456 these owners owed a debt, and nothing in the entire statute including Section 455 denies the Highway

Department a right to interest on the debt due. It is therefore incumbent upon us to declare that the Department is entitled to interest upon the excess award which was withdrawn from the registry of the court.

We must now determine the date from which interest is to be calculated. The judgment of the district court, though executory, was not final, and when the Court of Appeal judgment reversing that court became final upon our denial of writs, it was as though there had been no judgment in the trial court. With permission of court the defendants withdrew the amount on deposit on January 17, 1966,[4] but the final judgment in the case declared it a sum to which they were not entitled. Interest attached at the moment of withdrawal, for

---

1. Code of Civil Procedure Article 1921 provides: "The court shall award interest in the judgment *as prayed for* or *as provided by law.*" (Emphasis supplied.) It is noted in the comment under that article: "The phrase 'as provided by law' will cover the exception in the case of tort claims, since in these cases interest attaches automatically, without being prayed for." It is clear that R.S. 48:455 is another exception which, as to the owner, provides interest that need not be prayed for.

2. R.S. 48:444 provides for the deposit of the estimated just compensation into the registry of the court. R.S. 48:449 allows a party in interest upon court order to withdraw all or part of this deposit. We have held that withdrawal is only permissible and not absolute. State Through Dept. of Highways v. Sumrall, 240 La. 147, 121 So.2d 724.

3. It should be noted that in our expropriation laws only the quick-taking statute,

R.S. 48:441 et seq., allows the owner without prayer, and that an owner whose interest is expropriated by other authorities or under the general expropriation statute is not relieved from the necessity of praying for interest. See Lake Charles Harbor & Terminal Dist. v. Prestridge, 182 So.2d 334 (La.App.3rd Cir. 1966); see also Stekx v. Gravity Drainage Dist. No. 1, 214 So.2d 552 (La. App.3rd Cir. 1968), cert. den. 252 La. 964, 215 So.2d 130, where interest was allowed only from date of demand as prayed for, although interest was recognized to be due from date of taking.

4. Had the defendants elected to leave the money on deposit, they would have owed no interest. That deposit would have accumulated the interest earned by such funds in the registry of the court, and that interest would have eventually been paid to the successful party. R.S. 39:-1231.

the defendants at that moment held money which belonged to the plaintiff, and it was a debt due to the plaintiff.

The defendants finally contend that even if interest was due on the sum withdrawn, the appellate judgment which did not award interest is res judicata as to that question, or at least that the plaintiff by failing to pray for interest in the expropriation suit has no cause of action because it severed or split a cause of action and is now legally estopped to urge a demand for interest in this separate suit.[5]

At the time the expropriation suit was instituted and even at the time it was tried neither a debt nor interest was due to the plaintiff. It was only after judgment in the trial court and withdrawal of the excess award deposited that the defendants incurred a debt to the plaintiff and that the appurtenant right to interest vested in the Highway Department. An excess award by the trial court, a deposit and withdrawal, and a reduction of such an award by the appellate court were precedents to plaintiff's cause of action for interest, and these requirements at the time of trial were only speculative and not fixed. Though entitled to interest on the excess award, the expropriator, unlike the owner, could not be awarded interest unless prayed for, and it was without right to pray for interest at the district court level in the expropriation proceeding. Moreover, since our Code of Civil Procedure makes no provision for petition or prayer for redress at the appellate level on an issue not presented to the trial court, the plaintiff could not pray that interest be awarded by the appellate court in the event the award of the trial court should be reduced.[6] In short, there was no substan-

---

5. We are not here concerned with whether the Department of Highways must pray for interest by petition or amended petition in an expropriation proceeding in order to be entitled to interest if the final award of just compensation is less than the *estimate* of compensation deposited and withdrawn.

6. In Recreation & Park Commission for East Baton Rouge Parish v. German, 216 So.2d 93 (La.App.1st Cir. 1968), we refused writs with the comment that the result was correct. 253 La. 626, 218 So. 2d 902. There is much language in that opinion which is contrary to our holding here. The appellate court erroneously stated that since the general expropriation law, R.S. 19:1 et seq., does not provide for interest when excess awards are reduced, no interest was due. The court apparently failed to consider and apply Civil Code Article 1938. Then, assuming arguendo that interest was due, that court stated that plaintiff should have prayed for interest *in brief* on appeal, which of course is impossible and contrary to procedural law in Louisiana. That court finally concluded that plaintiff would not be entitled to interest because of failure to pray timely for it. Our holding here clearly establishes that interest in favor of the expropriator must be prayed for, that interest on the appellate court's reduction of a trial court excess award cannot be prayed for at the trial court level, and that if interest was not an issue at the trial level, it cannot be prayed for or considered on appeal. We are cognizant that several appellate court decisions have awarded interest to the Depart-

tive right to this interest so that plaintiff could pray for it in its expropriation petition, and there was no procedural remedy to exercise such a right on appeal. Therefore, when interest was not voluntarily paid by the owners, the Department had to institute a new proceeding to secure judgment on the excess award.

■ Defendants' plea of res judicata is without merit. Such a plea is very limited in application in Louisiana under Civil Code Article 2286, and clearly the issue presented here is not subject to such a plea. Also without merit is the exception of no cause of action based on judicial estoppel for alleged severance of the cause of action, since the right to interest in the instant case had not accrued when issue was joined in the expropriation proceeding.

■ The Highway Department's refusal to accept principal without interest was proper and does not act as a bar to the

running of interest. La.Civ.Code Art. 2925.

Therefore, in accordance with the reasons above given, the judgment of the trial court is reversed in part, amended in part, and recast as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiff, State of Louisiana through the Department of Highways, and against the defendants, Henry W. Busch and Mrs. Elizabeth Nattin Moresi, jointly and in solido, for $32,439.00 with interest at the rate of 5 per cent from January 17, 1966, until paid. It is further ordered, adjudged, and decreed that the defendants pay all costs of these proceedings.

SANDERS, Justice (concurring).

The 1966 Court of Appeal judgment contains no award in favor of the Department of Highways against the landowners for the $32,439.00 excess payment.[1] The parties concede this. The judgment merely

---

ment of Highways in expropriation proceedings under the quick-taking statute when the appellate court has reduced the trial court award. State Through Dept. of Highways v. Lumpkin, 147 So.2d 80 (La.App.2nd Cir. 1962); State Through Dept. of Highways v. Treat, 163 So.2d 578 (La.App.2nd Cir. 1964); State Through Dept. of Highways v. Sumrall, 167 So.2d 503 (La.App.1st Cir. 1964); State Through Dept. of Highways v. Armstrong, 193 So.2d 538 (La.App.4th Cir. 1966); State Through Dept. of Highways v. Calvert, 209 So.2d 759 (La.App. 2nd Cir. 1968). Since the Highway Department must pray for interest, since it is untimely to pray for interest at the

trial level, and since there is no procedural vehicle for raising a new issue at the appellate level, the awards of interest in those cases were erroneously included in the judgments on appeal. However, apparently the awarding of interest was not an issue in those cases and the judgments for interest were made without objection.

1. The majority apparently holds to the contrary in the following language: "Defendants' argument that the Court of Appeal decree in the expropriation proceeding was not an award or judgment against them for the amount of the excess is not seriously considered by us, because the decree obviously intended to award to the

decrees that the award to the landowners be reduced "from the sum of $52,232.50 to the sum of $24,000.00." 188 So.2d 495, 498. The landowners applied for writs, but this Court denied review. See 249 La. 736, 190 So.2d 241. Hence, the Court of Appeal judgment became final.

Based upon the Court of Appeal judgment, an exception of res judicata was filed by the landowners in this proceeding. They contend the issue of excess payment was before the court in the expropriation proceeding. The Court of Appeal rejected such relief, by failing to award judgment in favor of the Department of Highways against the landowners for the excess payment and interest. Since that judgment is now final, they assert res judicata bars the present suit seeking judgment for the overpayment plus interest. The exception of res judicata raises a serious question.

Article 2286, LSA-C.C., provides:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

For res judicata to apply under the article, three identities must appear in the

suits: (1) parties, in the same quality; (2) thing demanded; (3) and cause of action. Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399.

Res Judicata is *stricti juris* and any doubt as to the existence of the three identities must be resolved in favor of plaintiff. Quinette v. Delhommer, supra; Bullis v. Town of Jackson, 203 La. 289, 14 So.2d 1.

The parties are the same in the two suits. I am of the opinion, however, the cause of action and the thing demanded are not the same.

The former suit was an action for expropriation under the quick-taking statute, LSA-R.S. 48:441 et seq. This is a unique proceeding, designed to give the Louisiana Highway Department title to the property sought upon the pre-trial deposit of the estimated value of the property:

LSA-R.S. 48:445 provides:

"Upon the deposit of the amount of the estimate in the registry of the court, for the use and benefit of the persons entitled thereto, the clerk shall issue a receipt showing the amount deposited, the date it was deposited, the style and number of the cause, and the description of the property and property rights as contained in the petition. Upon such deposit, title to the property and property

plaintiff the $32,439.00 excess deposit." This holding conflicts with the award of

another judgment for the same amount in this suit.

rights specified in the petition shall vest in the department and the right just and adequate compensation therefor shall vest in the persons entitled thereto."

As to the court's judgment, LSA-R.S. 48:456 provides:

"If the compensation finally awarded exceeds the amount so deposited, the court shall enter judgment against the department and in favor of the persons entitled thereto for the amount of the deficiency.

"*If the compensation finally awarded is less than the amount so deposited, the court shall enter judgment in favor of the plaintiff and against the proper parties for the amount of the excess.*" (Italics mine).

If the compensation finally awarded is less than the amount "so deposited," it is mandatory for the court to enter a judgment in favor of the plaintiff expropriator for the excess. The statute recites, "the court shall enter judgment * * *"

If LSA-R.S. 48:456 applies to the excess payment in the present case, the Court of Appeal judgment would bar a second suit to recover the amount. The excess payment would have been a mandatory issue in the first suit. When a judgment is silent as to "any demand which was an issue in the case under the pleadings," such silence constitutes a rejection of the demand.

Succession of Foser, 240 La. 269, 122 So.2d 96.

It seems fairly clear, however, that Section 456 is inapplicable to the payment of the trial court judgment in the present case. By its terms, the section applies only to a final award "less than the amount so deposited." This language obviously refers to the pre-trial deposit of the estimated value under LSA–R.S. 48:445.

In the present case the trial court rendered judgment in excess of the pre-trial deposit. The Department of Highways was entitled only to a devolutive appeal. See State, Department of Highways v. Holmes, 251 La. 607, 205 So.2d 416. Pending the devolutive appeal, the department paid the judgment by depositing the sum in the registry of the court for the landowners' withdrawal. Compare State, Department of Highways v. Holmes, supra. The Court of Appeal amended the judgment and reduced the award to the amount of the estimated pre-trial deposit.

LSA-R.S. 48:456 is inapplicable to the payment of such a judgment. Hence, the Court of Appeal had no legal authority in the expropriation suit to render judgment in favor of the Department of Highways for the excessive amount it had paid to satisfy the judgment. This conclusion, of course, strips the exception of res judicata of all merit.

Applicable here are the usual principles governing the recovery of money paid to

satisfy a judgment later reversed on devolutive appeal. Having paid the executory judgment during the pendency of the appeal, the successful litigant is entitled to recover the sum paid in a separate suit. Bomarito v. Max Barnett Furniture Co., 177 La. 1010, 150 So. 2; Smith v. Phillips, 175 La. 198, 143 So. 47; McWaters v. Smith, 25 La.Ann. 515.

As the majority correctly holds, legal interest runs from the date the opposing litigants received the money. LSA-C.C. Art. 1938; Smith v. Phillips, supra.

In Smith v. Phillips, supra, this Court held, under similar circumstances, that interest runs from date the money is received:

"The lower court, in rendering judgment for plaintiff, allowed him 5 per cent. per annum interest from May 20, 1929, the date this proceeding was filed, instead of from February 23, 1924, the date appellant received the money, and the one from which plaintiff prayed in his petition for interest. Plaintiff, in his answer to the appeal, has prayed that the judgment be amended by awarding him 5 per cent. yearly interest from February 23, 1924, until paid. Interest began to run from the date the money was received, for then, as appellant was not entitled to it, as afterwards developed, it became due."

For the reasons assigned, I concur in the decree.